(No. 61483.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES ANDERSON, Appellant.

*Opinion filed March 19, 1986.*

40

G. Joseph Weller, Deputy Defender, and Manuel S. Serritos, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for the People.

J. Steven Beckett, of Reno, O'Byrne & Kepley, P.C., of Champaign, for *amicus curiae* Eagle Books, Inc., *et al.*

JUSTICE RYAN delivered the opinion of the court:

Defendant, Charles Anderson, was found guilty of two counts of obscenity (Ill. Rev. Stat. 1981, ch. 38, par.

11—20) in a jury trial in the circuit court of Du Page County. Noting that periodic imprisonment was "not available," the trial court sentenced the defendant to four months' incarceration in the county jail and levied a fine of $1,000. The appellate court affirmed the conviction. (130 Ill. App. 3d 318.) Defendant petitioned this court for leave to appeal, arguing that his sentence violated the equal protection guarantee of article I, section 2, of the Illinois Constitution. Pursuant to Rule 315 (94 Ill. 2d R. 315(a)), we granted defendant leave to appeal.

The Du Page County grand jury returned an indictment against the defendant, as the owner of the Villa Park Bookstore, charging him with nine counts of obscenity (Ill. Rev. Stat. 1981, ch. 38, par. 11—20(a)(1)), based upon the sale of various magazines. A jury trial was held on four of the counts. The jury returned two guilty verdicts and acquitted the defendant on the remaining two counts. Judgment was entered on each of the verdicts.

At defendant's sentencing hearing, following arguments in aggravation and mitigation, the court made the following statement.

> "THE COURT: In applying that law in the fashion that I think is appropriate, it is the judgment of the Court that Defendant Charles Anderson be and he is hereby sentenced to four months' incarceration in the Du Page county Jail and to pay a fine of $1,000.00.
>
> Very candidly, if periodic imprisonment were available I would consider periodic imprisonment, but *periodic imprisonment is not available either through the State or through the County.*
>
> That being not available, it just cannot be.
>
> Therefore, as far as it being some greater period of time insofar as periodic imprisonment is concerned, I am imposing a lesser sentence of four months of what is called straight time incarceration." (Emphasis added.)

The term of incarceration was subsequently stayed and

defendant filed a timely notice of appeal.

In the appellate court, defendant argued that the magazines involved were not obscene and that the State had not established his *scienter* beyond a reasonable doubt. He also argued, relying upon the statement noted above, that his sentence was based on the trial court's mistaken belief that periodic sentencing was legally unavailable.

The appellate court affirmed defendant's convictions and sentence. (130 Ill. App. 3d 318.) The court found that the two magazines involved were obscene under current guidelines (130 Ill. App. 3d 318, 320-27), and that the evidence was sufficient to establish defendant's *scienter* (130 Ill. App. 3d 318, 327-30). The appellate court also found that the trial court's statements referred only "to the practical unavailability of periodic imprisonment facilities" and therefore the defendant's sentence was not based on any misapprehension of the law. 130 Ill. App. 3d 318, 330-31.

Defendant, pursuant to Rule 315 (94 Ill. 2d R. 315), petitioned this court for leave to appeal. Defendant's sole point relied upon for reversal in the petition was that the denial of a sentencing alternative provided by the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1001—1—1 *et seq.*), due simply to a lack of periodic imprisonment facilities in Du Page County, violated the equal protection guarantees of article I, section 2, of the Illinois Constitution. The only relief requested in the petition was that this court allow defendant's appeal and remand this cause to the circuit court of Du Page County for resentencing. We granted defendant's petition.

The defendant now argues that this court is required to make an independent judgment as to whether the material in question is constitutionally protected.

We agree that an independent judgment would be

necessary, if the issue were before this court. (See *Jacobellis v. Ohio* (1964), 378 U.S. 184, 190, 12 L. Ed. 2d 793, 799, 84 S. Ct. 1676, 1679; *People v. Ridens* (1974), 59 Ill. 2d 362, 373-74, *cert. denied* (1975), 421 U.S. 993, 44 L. Ed. 2d 483, 95 S. Ct. 2000; *City of Chicago v. Kimmel* (1964), 31 Ill. 2d 202.) However, our Rule 315(b)(3) (87 Ill. 2d R. 315(b)(3)) requires that the petition for leave to appeal state the points relied on for reversal of the judgment of the appellate court. The only point relied upon in the defendant's petition for leave to appeal was whether the defendant's sentence of four months of "straight time" incarceration should be allowed to stand. Since no petition for leave to appeal was filed as to the appellate court's affirmance of the defendant's conviction, there is no question before us as to whether this material is constitutionally protected or as to whether defendant's *scienter* was sufficiently established. *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 360.

We note that while existing authority indicates that review of these issues is still possible (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 462; *Schatz v. Abbott Laboratories, Inc.* (1972), 51 Ill. 2d 143, 145), such review is not mandatory but lies within the discretion of the reviewing court (see 87 Ill. 2d R. 366(a)(5)). In view of the limited relief requested in the defendant's petition and the fact that the arguments made before this court are identical to those that the appellate court examined and passed upon, we find that a review of the defendant's conviction is unnecessary.

The defendant maintains that his sentence was based upon the trial court's view that periodic imprisonment was "unavailable." Defendant argues that this view was a misapprehension of both the law and the facts, and in either case, the error requires that we remand the cause for resentencing.

We agree that periodic imprisonment was legally available in this case. The crime of obscenity is a Class A misdemeanor. (See Ill. Rev. Stat. 1981, ch. 38, par. 11—20(d).) Section 5—5—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(b)) provides that periodic imprisonment is available for all felonies and misdemeanors except those contained in section 5—5—3(c) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(c)). Since Class A misdemeanors are not mentioned in section 5—5—3(c), periodic imprisonment is a viable sentencing alternative for the offense of obscenity.

We also agree that if the trial court's sentence was based upon a misapprehension of the law, the defendant would be entitled to be resentenced. *People v. Cross* (1979), 77 Ill. 2d 396, 409, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316.

In addition, we note that periodic imprisonment was utilized as a sentencing alternative in Du Page County in 1983 for two felony convictions.

We cannot agree with the defendant's contention that the trial court based his sentence upon a mistaken belief that the law did not allow for periodic imprisonment. The record discloses, as the appellate court noted, that the trial judge was referring to the "practical unavailability of periodic imprisonment facilities." (130 Ill. App. 3d 318, 331.) The sentencing decision in this case was a balanced one. The trial judge considered the possible alternative of periodic imprisonment in determining the proper length of a "straight time" sentence and noted that because periodic imprisonment was "unavailable" he was imposing a lesser sentence of four months' "straight time."

Also, as the appellate court noted, the trial judge stated that periodic imprisonment was unavailable "either through the State or through the County." (130 Ill. App. 3d 318, 330.) If the reference was to the legal un-

availability of the alternative, it would be, as a matter of law, determined by State statute, not by any action by the county. (See 130 Ill. App. 3d 318, 331.) The "practical unavailability of periodic imprisonment facilities," however, would be based on factors at the county level of government (see 130 Ill. App. 3d 318, 330), such as jail space or personnel.

Since we cannot say the trial court's sentence was based upon a misapprehension of the law or a mistaken belief that periodic-imprisonment facilities were totally absent in Du Page County, the sentence will only be disturbed if the trial judge abused his discretion in imposing sentence (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492) or if the sentence "constitutes a clear departure from fundamental law or is not proportioned to the nature of the offense" (*People v. Gold* (1967), 38 Ill. 2d 510, 518, *cert. denied* (1968), 392 U.S. 940, 20 L. Ed. 2d 1400, 88 S. Ct. 2317). An abuse of discretion will be found only if the judgment of the trial court is manifestly unjust or palpably erroneous. *In re Marriage of Batchelor* (1980), 89 Ill. App. 3d 781, 783; *In re Marriage of Poston* (1979), 77 Ill. App. 3d 689.

As we noted, this sentencing decision was arrived at after balancing several factors. The trial judge considered the alternatives in determining the length of sentence to impose. The decision to sentence the defendant to four months of "straight time" for the two convictions was not manifestly unjust or palpably erroneous; therefore, we cannot say it constituted an abuse of discretion. In addition, the sentence was for a period within the statutory limits for the offense. (See Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—3(a)(1).) We cannot say the sentence represents a departure from the fundamental law. We will not disturb this sentence on the basis of the court's statement.

Defendant also maintains that the lack of periodic-im-

prisonment facilities in Du Page County violates the equal protection guarantees of article I, section 2, of the Illinois Constitution. Defendant argues that due to the unavailability of such facilities he has received a sentence which differs from that received by a similarly situated person who was convicted in a county where periodic imprisonment is available.

The application of the equal protection clause of the Illinois Constitution is limited to instances of purposeful or invidious discrimination. (*Summers v. Illinois Commerce Com.* (1978), 58 Ill. App. 3d 933, 936; see also *Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 138.) Invidious discrimination occurs "when government withholds from a person or class of persons a right, benefit or privilege without a reasonable basis for the governmental action. [Citation.]" *Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 367.

This is not a case involving purposeful or invidious discrimination. It has not been shown that Du Page County has purposefully withheld from defendant's class the right, benefit or privilege of periodic imprisonment. In fact, as defendant pointed out, this alternative is available and has been utilized in Du Page County in other cases. Nor can it be said that the trial court's decision not to utilize periodic imprisonment was made without a reasonable basis. Although the reasons were not stated, the trial court made the determination that periodic imprisonment was "unavailable." As we have already discussed, this reference was made to the *practical availability* of periodic imprisonment facilities, rather than their total unavailability. Such unavailability would constitute a reasonable basis for the defendant's sentence. Therefore, on the facts before us, we cannot find that the practical unavailability of periodic imprisonment facilities in Du Page County or the trial court's

sentence of four months' "straight time" incarceration instead of a longer period of periodic imprisonment violates the equal protection guarantees of article I, section 2, of the Illinois Constitution.

For the reasons stated above, the judgment of the appellate court that defendant's sentence was proper is affirmed.

*Judgment affirmed.*