March 18, 1999

No. 3--98-0090

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

THE PEOPLE OF THE ) Appeal from the Circuit

STATE OF ILLINOIS, ) Court of the 9th Judicial

                               ) Circuit, Knox County,   

Plaintiff-Appellee, ) Illinois

)

v. ) 

)

) No. 96--CF--167

JACK L. MARLOW,      )

) Honorable

Defendant-Appellant.      ) Harry Bulkeley,

                     ) Judge Presiding

_________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:
                                                                        

The defendant, Jack L. Marlow, pled guilty to four counts of aggravated criminal sexual assault and one count of aggravated criminal sexual abuse.  720 ILCS 5/12--14, 12--16 (West 1996).  He was subsequently sentenced to four consecutive 30-year terms of imprisonment for the aggravated criminal sexual assaults and a concurrent seven-year term of imprisonment for aggravated criminal sexual abuse.  On appeal, the defendant argued that: (1) his fifth amendment right against self-incrimination (U.S. Const., amend. V) was violated when, at the sentencing hearing, the trial court relied upon two psychiatric reports prepared pursuant to a dismissed petition to declare him a sexually dangerous person; and (2) his sentence was excessive.  For the following reasons, we affirm.  

Prior to the defendant's guilty plea, the State filed a petition to find him to be a sexually dangerous person.  See 725 

ILCS 205/0.01 
et seq. 
(West 1996).  As a result, the court ordered the defendant to be examined by two psychiatrists, Dr. Robert Chapman and Dr. Anthony Caterine.  Both doctors filed reports finding that the defendant suffered from pedophilia and that he met the criteria of a sexually dangerous person.

The defendant subsequently pled guilty to all five counts.  Thereafter, the People dismissed the sexually dangerous person petition.  At the defendant's sentencing hearing, the parties stipulated that, if the psychiatrists were called as witnesses, they would testify in accordance with their previously filed reports.

At the conclusion of the sentencing hearing, the trial judge noted that he had reviewed the psychiatrists' reports and found them "chilling."  Specifically, he said he had read about how the defendant would get to know an adult and find out if that adult had young girls.  The defendant told the psychiatrists that he would then become friends with the adult until they asked him to  baby-sit their children, at which time he would then molest the children.  The court said that the most chilling part of the report was the defendant's statement to Dr. Chapman that the defendant had no idea why "they" consider it child abuse since the children like it and it does not affect them.  Finally, the trial judge noted that based upon the psychiatrists' reports, he had serious reason to believe that the defendant would commit another offense if he were released, regardless of how much remorse he showed to the court.  Based primarily upon the reports, as well as the defendant's past criminal history, the court then sentenced the defendant.  

On appeal, the defendant first maintains that his fifth amendment right against self-incrimination was violated when, at the sentencing hearing, the trial court relied upon the psychiatric reports prepared pursuant to a dismissed petition to declare him a sexually dangerous person.  In response, the People argue that the defendant has waived this issue by stipulating to the admission of the reports at the sentencing hearing, and failing to raise the issue at trial.  We agree with the People's contention that the defendant has waived the issue.  

As the defendant correctly maintains, statements made to a psychiatrist in a compulsory examination may not be used against the defendant in any subsequent criminal proceeding.  
People v. Allen, 
107 Ill. 2d 91, 103 (1985), 
aff'd 
478 U.S. 364 (1986).  However, the defendant failed to raise this issue at the sentencing hearing or in a post-sentencing motion.  The issue is being raised for the first time on appeal to this court.  

As a general rule, the failure to object to an alleged error at sentencing and in a post-sentencing motion results in a waiver of that error on appeal. E.g., 
People v. Jackson, 
182 Ill. 2d 30, 69 (1998). Defendant argues that this case falls within the plain error rule, which permits a reviewing court to take notice of errors which would otherwise be waived "where the evidence is closely balanced or where the nature of the error is such as to deprive the accused of his constitutional right to a fair sentencing hearing." 
People v. Simms, 
143 Ill. 2d 154, 170 (1991).  Plain error is a "narrow and limited exception to the general waiver rule ***," (
People v. Szabo, 
113 Ill. 2d 83, 94 (1986)) and should only be invoked where (1) the evidence is closely balanced or (2) the alleged error is so substantial that it deprived the defendant of a fair hearing.  
People v. Walker, 
109 Ill. 2d 484, 504 (1985).  We have carefully reviewed the record and determined that the defendant's waiver of this issue has not been overcome by the plain error doctrine.

First, the evidence presented at the sentencing hearing was not closely balanced.  On the contrary, the evidence in aggravation adduced against the defendant at the sentencing hearing was formidable.  He admitted to sexually assaulting four young children and sexually abusing another.  He had a prior conviction for raping a three-year-old child.  At the time of the sentencing hearing, he was serving a 14 year sentence for the aggravated criminal sexual abuse of yet another victim.  Further, the record also indicates a complete lack of significant evidence in mitigation.  Therefore, we find that the evidence presented at the sentencing hearing, which the trial judge considered in imposing the four consecutive 30 year sentences was not closely balanced. 

Likewise, the error in admitting the psychiatric evidence was not so substantial as to deny the defendant a fair sentencing hearing.  This second prong of the plain error doctrine is to be invoked only where the possible error is so serious that its consideration is "necessary to preserve the integrity and reputation of the judicial process."  
People v. Hampton, 
149, Ill. 2d 71, 102 (1992).  As our supreme court noted in 
People v. Herrett, 
137 Ill. 2d 196 (1990):

"*** A reviewing court will grant relief under this prong of the plain error rule only if the error is so fundamental to the integrity of the judicial process and so prejudicial to the defendant that the trial court could not cure the error by sustaining an objection or instructing the jury to disregard the error.  
People v. Carlson, 
79 Ill. 2d 564, 577 (1980).  Otherwise, defense counsel could obtain a reversal of the defendant's conviction, simply by failing to object and by design depriving the trial court of the opportunity to prevent or correct the error ***."  
People v. Herrett, 
137 Ill. 2d at 214.  

Here, although the error complained of involves a constitutional right, it is not of such a character that the plain error rule must be invoked to preserve the integrity and reputation of the judicial process.  Indeed, not only did the defendant fail to object to the psychiatric reports being entered as evidence in the sentencing hearing, he stipulated to the content of the reports.  Had defendant's counsel objected to the psychiatric testimony, rather than stipulating to its introduction into evidence, the error complained of here could have been cured by sustaining the objection.  As the defendant could have presented an objection rather than stipulating to the evidence he now complains of on appeal, we do not find that the integrity and reputation of the judicial process requires that we permit the defendant to resurrect by the plain error rule an objection that clearly could have been raised to the trial court.   We note that other Illinois courts have failed to find plain error in similar cases involving constitutional errors.  See, 
Herrett, 
137 Ill. 2d 195 (prosecutor's commenting to jury on defendant's post-arrest silence and failure to testify at trial, while violations of fifth amendment right were not plain error); 
People v. Whitehead, 
116 Ill. 2d 425, 448 (1987)(prosecutor's reference to defendant's failure to testify not plain error); 
People v. Gacy, 
103 Ill. 2d 1, 28 (1984)(claim that defendant's confession not the product of free-will not subject to plain error analysis).  In addition, several federal courts have held that allegations that statements obtained by coercion in violation of statutory 
Miranda 
rights did not rise to the level of plain error.  See, 
Hampton, 
149 Ill. 2d at 104-105.  

We hold therefore that the defendant waived the issue of whether the trial court erred in considering the reports of Dr. Chapman and Dr. Caterine as evidence at the sentencing hearing.     The defendant next maintains that the trial court abused its discretion in imposing four consecutive 30 year sentences following the defendant's plea of guilty to four counts of aggravated criminal sexual assault against four different children.  Specifically, the defendant maintains that the aggregate 120 year sentence is excessive in that it does not allow for any possibility of rehabilitation and that a lesser sentence would serve the purposes of  punishing the defendant and protecting the public.  We disagree.

Absent an abuse of discretion, a sentence within the statutory limits will not be disturbed on appeal. 
People v. Coleman, 
166 Ill. 2d 247, 258 (1995).  An abuse of discretion in sentencing occurs where the sentence imposed is manifestly unjust or palpably wrong.  
People v. Anderson, 
112 Ill. 2d 30 (1986).  It is presumed that a trial judge considers all mitigating evidence absent some indication, other than the sentence itself, to the contrary.  
People v. McCarthy, 
213 Ill. App. 3d 873 (1991).  Because it is the trial judge's responsibility to strike a balance between the various sentencing factors, a reviewing court must cautiously exercise its power to reduce a sentence, refusing to substitute its judgment for that of the trial judge simply because it might have balanced the factors differently.  
People v. Pittman, 
93 Ill. 2d 169 (1982).

Here the record establishes that the trial judge weighed the factors in aggravation and mitigation before imposing what is undeniably a severe sentence.  However, the record clearly supports the trial court's conclusion that a severe sentence was appropriate.  The defendant plead guilty to sexually assaulting four children and sexually abusing another.  As noted above, the defendant's extensive history of criminal sexual assaults upon children evidenced no rehabilitative potential and a continuing need to protect the public from the defendant.  Based upon our review of the record, it cannot be said that the defendant's sentence was either manifestly unjust or palpably wrong.  We therefore hold that the trial judge did not abuse his discretion in sentencing the defendant to four consecutive 30 year terms of imprisonment.  

For the foregoing reasons, we affirm the judgment of the circuit court of Knox County.  

Affirmed.  

HOMER, J., concurred.  SLATER, J., dissents. 

JUSTICE SLATER, dissenting:

I dissent.  I would find plain error and reverse and remand for a new sentencing hearing before a different trial judge who has not read the psychiatrists' reports.

Clearly, the trial court relied heavily on the information provided in the psychiatrists' reports when it imposed sentence.  The information that the trial court found so "chilling" was the product of compelled testimony.  It should never have been introduced in this criminal proceeding.