THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. M.I.D., Defendant-Appellant.

Third District   No. 3—00—0570

Opinion filed July 13, 2001.—Modified opinion filed August 7, 2001.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Danner, State's Attorney, of Lewistown (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOMER delivered the opinion of the court:

Pursuant to a partial plea agreement, defendant M.I.D. pled guilty to unlawful possession with intent to deliver between 15 and 100 grams of a controlled substance (cocaine) (720 ILCS 570/401(a)(2)(A) (West 1998)). The court imposed a 12-year prison sentence and ordered defendant to pay a $500 reimbursement fee for the services of the public defender. Defendant appeals her sentence. Following our careful review of the record, we affirm in part and remand the cause for further proceedings.

## FACTS

Defendant was originally charged with Class X unlawful possession of cocaine, Class 1 felony possession of cocaine with intent to deliver, and Class A misdemeanor possession of cannabis and possession of drug paraphernalia. She negotiated an agreement whereby she would plead guilty to the Class X offense in exchange for the State's dismissal of related charges. At the guilty plea hearing, the court admonished defendant that she faced a penalty of 6 to 30 years' imprisonment. After the State presented a factual basis, the court determined that defendant's plea was voluntary and imposed conviction for unlawful possession of cocaine with intent to deliver.

At the sentencing hearing, the State established that the police recovered 56 grams of cocaine and 5 grams of cannabis during their search of defendant's motel room on June 1, 1998. In a statement to the police, defendant said that she had purchased two ounces of cocaine in Peoria for $2,000. She said she had been dealing in crack cocaine in Canton for several months, selling four to six ounces per week. Following her arrest, defendant cooperated with the police in the arrest of her supplier. As a consequence of that arrest, the police obtained the supplier's cooperation and arrested his supplier.

Testifying on her own behalf, defendant stated that prior to 1995 she reared two children as a single parent, held five jobs at the same time and put herself through college, maintaining an "A" average. Then, in 1994, she contracted varicella-zoster, a chronic form of chicken pox. In 1995, defendant's elder son was killed in a work-related accident. After that, defendant said, she lost her job, her house and her dog. She used cocaine daily, spending $1,500 per week to support the habit. To pay for the cocaine, defendant purchased drugs and became a major supplier of drugs in the Canton area. Defendant denied, however, that she profited from the sale of drugs.

After her arrest, defendant said, she placed her life in peril by assisting the police. Defendant said she stopped using drugs on the date of her arrest, but she admitted using cannabis. She also admitted that she was on probation for a 1995 conviction for unlawful possession of cocaine at the time of her arrest.

Defendant's presentence investigative report disclosed numerous misdemeanors and traffic convictions, in addition to the 1995 felony conviction. Before pronouncing sentence, the court noted several statutory factors in aggravation, including: (1) that defendant received compensation for the offense; (2) that she had a history of criminality; (3) a substantial sentence was necessary to deter others; and (4) defendant was on probation at the time of the offense. The court did not find any statutory factors in mitigation. Accordingly, the court

sentenced defendant to 12 years' imprisonment and imposed mandatory fines and costs.

The court then asked defense counsel and the prosecutor whether they wished to set a hearing with respect to court-appointed counsel fees or address the matter *instanter*. Defense counsel responded by indicating that he had spent 15 hours on the case. The court then asked whether there was any objection to it then fixing the amount of reimbursement for court-appointed counsel. Both defense counsel and the prosecutor indicated that they did not object. Without further evidence, the court entered a $500 reimbursement order.

Defendant filed a postsentencing motion to reconsider sentence, which was heard and denied, except to grant monetary credit for defendant's presentence incarceration.

## ISSUES AND ANALYSIS

On appeal, defendant initially contends that her sentence was an abuse of discretion. She argues that the trial court improperly considered receipt of compensation as a factor in aggravation and that the court minimized significant mitigation evidence and overemphasized matters in aggravation.

●1 A sentence within the statutory range for an offense constitutes an abuse of discretion when it is manifestly unjust or palpably wrong. *People v. Marlow*, 303 Ill. App. 3d 568, 708 N.E.2d 579 (1999). As a general rule, a trial judge should not consider factors in aggravation that are implicit in the offense, because such factors are presumed to have been considered by the legislature in setting the penalty. *People v. Conover*, 84 Ill. 2d 400, 419 N.E.2d 906 (1981). However, a factor implicit in the crime may relate to proper sentencing considerations, such as the extent and nature of a defendant's involvement in a particular criminal enterprise, a defendant's underlying motivation for committing the offense, the likelihood of the defendant's commission of similar offenses in the future and the need to deter others from committing similar crimes. *People v. McCain*, 248 Ill. App. 3d 844, 617 N.E.2d 1294 (1993).

●2 The receipt of compensation (730 ILCS 5/5—5—3.2(a)(2) (West 1998)) is inherent in offenses involving the delivery of drugs; therefore, the defendant's sentence for a delivery offense should not be increased by this statutory factor. *People v. Smith*, 198 Ill. App. 3d 695, 556 N.E.2d 307 (1990). Potential compensation, or an expectation of compensation, is inherent in possession with intent to deliver. *McCain*, 248 Ill. App. 3d 844, 617 N.E.2d 1294. Nevertheless, the court may properly consider a defendant's efforts to maximize profits from a drug enterprise in sentencing for unlawful possession, to the extent

that such evidence reflects on the nature of the crime. *McCain*, 248 Ill. App. 3d 844, 617 N.E.2d 1294.

●3 In this case, defendant was convicted of unlawful possession with intent to deliver. Before imposing sentence, the court specifically mentioned defendant's receipt of compensation. However, the judge's comments immediately thereafter demonstrate that it was not defendant's expectation of compensation from the sale of the 56 grams of cocaine underlying her conviction that the judge considered aggravating. After citing the statutory factor, the court noted defendant's own testimony in which she admitted selling a substantial amount of drugs in the Canton area over a significant period of time. The judge's comments show that he considered the profits from defendant's criminal enterprise as bearing on the nature of the offense.

Moreover, during the hearing on defendant's motion to reconsider sentence, the judge reiterated that defendant's role as a main supplier of drugs in Canton was an aggravating circumstance which he considered in imposing sentence. The court also explained that it did not find credible defendant's denial that she had received profits from the sale of drugs. On these facts, the court did not err in factoring compensation from defendant's criminal enterprise into the sentencing decision. See *McCain*, 248 Ill. App. 3d 844, 617 N.E.2d 1294.

●4 We further reject defendant's contention that the trial court improperly weighed matters in aggravation and mitigation. The record demonstrates that the court considered all relevant evidence, including defendant's medical condition and her cooperation with the police leading to the arrest of other felons, before imposing a sentence at the lower end of the 6- to 30-year range. Defendant's 12-year sentence, while substantial, is not disproportionate to the offense. It is neither manifestly unjust nor palpably wrong; therefore, the sentence is affirmed.

●5 Next, defendant contends that the trial court improperly ordered her to make reimbursement for the services of the public defender without conducting a hearing into her ability to pay. Arguing that a defendant is bound by the acts of his attorney, the State argues waiver. See *People v. Priola*, 203 Ill. App. 3d 401, 561 N.E.2d 82 (1990); *People v. Bowman*, 138 Ill. 2d 131, 143, 561 N.E.2d 633, 639 (1990) (failure of a defendant to promptly repudiate attorney's unauthorized act serves as a ratification).

Pursuant to section 113—3.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1(a) (West 1998)), the court must conduct a meaningful hearing into the defendant's financial circumstances before she can be ordered to pay for appointed counsel. *People v. Love*, 177 Ill. 2d 550, 687 N.E.2d 32 (1997). Although a defendant's

silence may be deemed acquiescence in counsel's conduct under other circumstances (see, *e.g.*, *People v. Frey*, 103 Ill. 2d 327, 469 N.E.2d 195 (1984)), such is not the case where, as here, appointed counsel's interest in being paid is in apparent conflict with defendant's right to a fair hearing regarding her ability to pay. See *People v. Webb*, 276 Ill. App. 3d 570, 658 N.E.2d 852 (1995).

The record in this case establishes that the court made no inquiry into defendant's ability to pay for appointed counsel's services. Therefore, the order for reimbursement must be vacated and the cause remanded for a hearing pursuant to section 113—3.1 of the Code. See *Love*, 177 Ill. 2d 550, 687 N.E.2d 32.

## CONCLUSION

For the reasons stated, we affirm defendant's prison sentence, vacate that portion of the judgment requiring her to pay $500 for the services of appointed counsel, and remand the cause for a proper reimbursement hearing.

Affirmed in part; vacated in part and remanded.

LYTTON and SLATER, JJ., concur.