THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEXTER McDADE, Defendant-Appellant.

First District (3rd Division)   No. 1—02—0727

Opinion filed February 11, 2004.

Michael J. Pelletier and Michael C. Bennett, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, and Brian J. Boersma, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Following a jury trial, the defendant, Dexter McDade, was convicted of one count of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 2000)), and sentenced to 12 years' imprisonment. On appeal, the defendant contends that he is entitled to day-for-day sentencing credit because he was charged with and convicted of a crime which occurred, in part, prior to the effective date of section 3—6—3(a)(2)(ii) of the Unified Code of Corrections, also known as the Truth-in-Sentencing Act (Act) (730 ILCS 5/3—6—3(a)(2)(ii) (West 2000)).

The defendant does not contest the sufficiency of the evidence adduced at trial. The victim, S.S., testified that the defendant sexually assaulted her numerous times between December 1997 and June 1999. In a statement to the police and an assistant State's Attorney, the defendant admitted having sex with S.S. numerous times between those dates. Additionally, there was physical evidence of repeated vaginal penetration.

At the sentencing hearing, defense counsel requested a minimum prison term of six years and acknowledged the truth-in-sentencing provision by stating, "I think a period of time which he will do 85 percent under the new law of six years is an enormous period of time."

The defendant did not raise any issue regarding credit for time

served in a motion to reduce his sentence. In reference to the truth-in-sentencing credit, the defendant includes in his brief a printout from the Department of Corrections website which indicates his estimated parole date.

■ The defendant argues for the first time on appeal that, because portions of the crime occurred before the enactment of truth-in-sentencing, he should receive day-for-day good-conduct credit pursuant to the rule of lenity. The State responds that the sentencing statute unambiguously entitles a person convicted of predatory criminal sexual assault of a child committed after June 19, 1998, to only 4.5 days of good-conduct credit for each month served.

Initially, we note that the defendant has waived this argument for purposes of appeal because he did not object to the imposition of truth-in-sentencing at his sentencing hearing or raise the issue in a motion to reconsider his sentence. Since August 11, 1993, section 5—8—1(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—1(c) (West 1994)) has required that a defendant file a written postsentencing motion in the trial court to preserve sentencing issues for appellate review. *People v. Reed*, 177 Ill. 2d 389, 394, 686 N.E.2d 584 (1997). As a general rule, the failure to object to an alleged error at sentencing and in a postsentencing motion results in a waiver of that error on appeal. *People v. Marlow*, 303 Ill. App. 3d 568, 570, 708 N.E.2d 579 (1999).

The defendant maintains, nonetheless, that because this sentencing error affects substantial rights, this court may review the issue under the doctrine of plain error. We observe that plain error is a narrow and limited exception to the general waiver rule and should only be invoked where: (1) the evidence is closely balanced; or (2) the alleged error is so substantial that it deprived the defendant of a fair hearing. *Marlow*, 303 Ill. App. 3d at 570.

Here, the defendant merely asserts that the error of applying the incorrect credit provision affects his substantial rights, and neither argues that the evidence was closely balanced nor explains why the error was so severe that it must be remedied to preserve the integrity of the judicial process. Accordingly, we find that he has waived any argument regarding the applicability of plain error. See *People v. Tye*, 323 Ill. App. 3d 872, 887, 753 N.E.2d 324 (2001); *Marlow*, 303 Ill. App. 3d at 570.

■ Waiver aside, a sentence will be disturbed on appeal only if the sentencing court abused its discretion. *Tye*, 323 Ill. App. 3d at 887. Here, the defendant does not contest the number of years imposed by the court but, rather, the manner in which that term will be served.

■ "Truth-in-sentencing" is a label applied to a change in the

statutory method the Illinois Department of Corrections uses to calculate good-conduct credit. *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 556, 778 N.E.2d 701 (2002). Under the Code, an inmate normally receives day-for-day good-conduct credit. See 730 ILCS 5/3—6—3(a)(2.1) (West 2000). However, under section 3—6—3(a)(2)(ii) of the Code, a defendant who is convicted of an enumerated violent crime, including predatory criminal sexual assault of a child, "shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3—6—3(a)(2)(ii) (West 2000); *Ryan*, 201 Ill. 2d at 556. This provision took effect on June 19, 1998.

The defendant argues that, because his commission of predatory criminal sexual assault "straddles" the effective date of the truth-in-sentencing provision, the principle of lenity dictates that he should not be subject to the Act and that the mittimus be corrected to reflect that decision. The State responds that since the defendant was charged with a continuous-course-of-conduct offense and the evidence showed the offense was completed after the effective date of the Act, he must serve 85% of his sentence.

It does not appear that the precise issue raised by the defendant has been previously addressed by Illinois courts. The State thus directs our attention to a California case where, as here, the defendant was convicted of sexually assaulting a child that encompassed a course of conduct which took place before and after the statutory good-time and work-time provision was changed. *People v. Palacios*, 56 Cal. App. 4th 252, 65 Cal. Rptr. 2d 318 (1997). The appellate court affirmed the circuit court's decision to decrease the defendant's good-time credit, reasoning that a continuous course of conduct cannot logically be completed until the last act is accomplished. *Palacios*, 56 Cal. App. 4th at 256, 65 Cal. Rptr. 2d at 319. The court thus found that the statute reducing the sentencing credit may be applied without violating the *ex post facto* prohibition. *Palacios*, 56 Cal. App. 4th at 257, 65 Cal. Rptr. 2d at 320.

■ We find the reasoning of *Palacios* persuasive and applicable to this case. The State proceeded on a theory that the defendant had engaged in a continuous course of predatory criminal sexual assault from 1997 through 1999. The evidence showed that the assaults continued into the late spring of 1999. The offense was not complete until the last act was accomplished. See, *e.g.*, *People v. Phillips*, 186 Ill. App. 3d 54, 66-67, 544 N.E.2d 1298 (1989) (kidnapping is an ongoing offense); *People v. Miller*, 157 Ill. App. 3d 43, 46-47, 509 N.E.2d 807 (1987) (escape is a continuing offense). Similarly, it follows that the defendant was subject to the unambiguous terms of the truth-in-

sentencing provision, as anticipated by the court and the defendant's trial counsel.

Accordingly, we find that lenity, as argued by the defendant, has no application here, and we affirm the judgment of the circuit court of Cook County.

Affirmed.

SOUTH and KARNEZIS, JJ., concur.