**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230354-U

Order filed June 4, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0354 Circuit No. 12-CF-1097 |
| | ) | |
| JOSE M. PEREZ-HUERTA, | ) ) | Honorable Brian F. Telander, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court did not err in denying defendant's petition for *habeas corpus* relief.

¶ 2     Defendant, Jose M. Perez-Huerta, appeals from the denial of his petition for *habeas corpus* relief. Defendant argues that he is entitled to day-for-day sentencing credit because he was convicted of a crime which occurred prior to the effective date of the Truth-in-Sentencing Act (Act) (730 ILCS 5/3-6-3(a)(2)(ii) (West 1998)). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4	On July 3, 2012, defendant was indicted on two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2008)) and four counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1996)). Relevant to this appeal, two of the counts alleged that defendant committed predatory criminal sexual assault of a child between the dates of February 1, 1997, and March 31, 1999, when he "placed his penis on the sex organ" of C.P. and S.P., respectively.

¶ 5	On April 9, 2014, defendant pled guilty to two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse. A presentence investigation report indicated that C.P. told investigators that defendant had sexually abused her over a three-year span, from ages six to nine. The statement of facts included in the record indicates that defendant began sexually assaulting C.P. and S.P. in 1997 when C.P. was six years old and S.P. was eight years old. Defendant and his wife provided childcare for C.P. and S.P. during this time. C.P. detailed that the abuse included defendant "put[ting] his penis into her vagina." For the predatory criminal sexual assault of a child counts, defendant was sentenced to consecutive nine-year terms of imprisonment. The sentencing order recorded February 28, 1998, as the offense date and mandated that defendant serve 85% of his sentence. Defendant did not move to reconsider his sentence or file an appeal.

¶ 6	In May 2023, defendant filed a petition for *habeas corpus* relief asserting that because his offense occurred prior to the June 19, 1998, effective date of the Act, the order that he serve 85% of his sentence was an *ex post facto* violation. Defendant alleged that, at the time of filing, he had served more than the maximum legally allowed by law when applying the correct day-for-day good-conduct credit. The court *sua sponte* denied defendant's petition. Defendant filed a motion to reconsider which was denied. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8          On appeal, defendant continues to argue that he is entitled to day-for-day sentencing credit because he was convicted of a crime which occurred prior to the effective date of the Act. We review a court's denial of a *habeas* petition *de novo* and will affirm the judgment on any grounds that appear in the record. *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008).

¶ 9          In Illinois, a writ of *habeas corpus* is an extraordinary remedy available only to prisoners who have been incarcerated under a judgment of a court which lacked personal or subject matter jurisdiction, or where a subsequent event occurred after the prisoner's conviction which entitled him to release. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998). A void order or judgment may be attacked at any time, whether directly or collaterally, including *habeas* proceedings; however, "the remedy of *habeas corpus* is not available to review errors which only render a judgment voidable and are of a nonjurisdictional nature." *Beacham*, 231 Ill. 2d at 59.

¶ 10          Public Act 89-404 was enacted in 1995 and included, *inter alia*, new provisions for the calculation of good-conduct credit, referred to as truth-in-sentencing. *People v. Reedy*, 186 Ill. 2d 1, 4 (1999). The Illinois Supreme Court found Public Act 89-404 to be unconstitutional. *Id.* at 18. The legislature subsequently recodified the truth-in-sentencing provisions. Pub. Act 90-592 (eff. June 19, 1998) (amending 730 ILCS 5/3-6-3(a)(2)). For offenses occurring on or after June 19, 1998, a defendant convicted of predatory criminal sexual assault of a child, "shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii) (West 1998).

¶ 11          Nothing in the record suggests that defendant would not have been subject to the truth-in-sentencing provisions. Initially, we note that defendant has not provided the report of proceedings in the record on appeal. Thus, we are unable to determine anything regarding the plea hearing or

3

factual basis provided by the State at that time. We will construe this omission against defendant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that *** the trial court was in conformity with law ***. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.").

¶ 12       A review of the provided common law record reveals that defendant was indicted under the theory that he engaged in a continuous course of predatory criminal sexual assault against C.P. and S.P. which began in 1997 and did not end until 1999, after the effective date of the truth-in-sentencing statute. The statement of facts filed by the State provided that defendant began assaulting C.P. and S.P. in 1997 when C.P. was six years old. C.P. made statements to investigators that defendant sexually assaulted her from the ages of six to nine. Coupled together, these facts demonstrate that defendant continued to sexually assault C.P. well past June 19, 1998.

¶ 13       Outside of the sentencing order, nothing in the record mentions February 28, 1998, nor does it indicate that defendant was being prosecuted for a specific, discrete event occurring on that date. Due to the incompleteness of the record, we presume that nothing in the plea hearing or factual basis would support such a contention either. See *People v. Stroud*, 2020 IL App (3d) 190064, ¶¶ 7-11. Accordingly, defendant was eligible to be sentenced under truth-in-sentencing where he was charged under a continuing course of predatory criminal sexual assault that continued into 1999, after the statute's June 19, 1998, effective date. See *People v. McDade*, 345 Ill. App. 3d 912, 915-16 (2004) (where the State charged the defendant under a theory that he engaged in a continuous course of conduct that did not end until 1999, and the evidence showed that the assaults continued into 1999, the offense was not complete until the last act was

accomplished, subjecting defendant to "the unambiguous terms of the truth-in-sentencing provision").

¶ 14    Further, defendant fails to put forth any argument that the court lacked personal or subject matter jurisdiction to enter his sentencing judgment or that any event occurred after his 2014 sentencing that would entitle him to *habeas corpus* relief. Thus, having determined that defendant was not sentenced under the unconstitutional truth-in-sentencing law, we find that the court did not err in denying defendant's petition for *habeas corpus* relief.

¶ 15                                          III. CONCLUSION

¶ 16    The judgment of the circuit court of Du Page County is affirmed.

¶ 17    Affirmed.