■ FLORENCIO GOMEZ, Plaintiff, v MENDEL BOBKER et al., Defendants, and DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents, and ABRAMS et al., Appellants. — In a mortgage foreclosure action, the appeal is from an order of the Supreme Court, Kings County (Rigler, J.), dated December 12, 1983, which, *inter alia,* granted the receiver's petition for an accounting by the Flatbush Tenants' Council, Clark Gebman, and certain named tenants of the subject premises, enjoined them from collecting any rental payments or maintaining any control over the premises, and further enjoined them from soliciting other tenants to withhold monthly rental payments from the receiver and denied a cross motion, *inter alia,* to dismiss the receiver's petition.

Order reversed, on the law, without costs or disbursements, and cross motion to dismiss the petition granted.

The receiver in this mortgage foreclosure action served appellants with an order to show cause and petition under the caption of the mortgage foreclosure action to obtain certain relief, *inter alia,* directing, among others, the Flatbush Tenants' Council and Clark Gebman to account for moneys collected from the appellant tenants of the building being foreclosed, which allegedly should have been paid to the receiver. The receiver also sought an order of ejectment and possession against each of the appellant tenants. Appellants cross-moved to dismiss the petition on the ground that personal jurisdiction had not been obtained over them by proper service of process.

Appellants' cross motion should have been granted. Personal jurisdiction in an action is acquired by service of a summons. In a special proceeding, personal jurisdiction is acquired by service of a notice of petition or an order to show cause (CPLR 304). A defendant may proceed against a person not a party by serving such person with a summons, a third-party complaint, and all prior pleadings served in the action (CPLR 1007). Here, the receiver attempted to effect service of process in an action and join appellants as parties therein by serving them as if it were a special proceeding. Since service was not properly effected, personal jurisdiction was not obtained.

Although this court may excuse a defect in the form in which a civil judicial proceeding is brought, a prerequisite to an exercise

of such powers is personal jurisdiction over the parties (CPLR 103, subd [c]). The relief sought by the receiver is the proper subject of a separate action or proceeding (see *Ansonia Assoc. v Ansonia Residents' Assn.,* 78 AD2d 211) and had proper service been effected, the receiver's claims could have been severed from the mortgage foreclosure action. However, since personal jurisdiction was not obtained, there is no basis for the exercise of our discretion to excuse the error. Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.