THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS R. MESCALL, Defendant-Appellant.

Second District    No. 2—03—0185

Opinion filed April 15, 2004.—Rehearing denied May 28, 2004.

G. Joseph Weller and Dev A. Parikh, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Thomas R. Mescall, appeals from the dismissal of his petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)), in which he sought relief from an allegedly void sentence. He contends that the trial court erred in dismissing his petition *sua sponte* and without notice to him. We agree, and thus we vacate the dismissal. Also, defendant asserts for the first time on appeal that his convictions of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 1996)) are void because that offense did not exist during part of the period in which the culpable acts allegedly occurred. We find that we cannot reach this claim because we lack personal jurisdiction over the State.

Defendant was charged by information with one count of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1994)) and four counts of predatory criminal sexual assault of a child. The information alleged that the offenses took place between June 1995 and September 1996. At trial, the court instructed the jury that the State was not required to prove that the offenses took place within the specified time if the jury was convinced that defendant had committed the acts that made up the offenses. The jury convicted him on all counts. On August 20, 1997, the court sentenced defendant to four consecutive eight-year terms of imprisonment and one five-year term concurrent to the eight-year terms. Defendant appealed, arguing that his trial had been unfair due to various errors and that the court had erred in making his terms of imprisonment subject to the truth-in-sentencing provisions. This court affirmed the convictions, but modified the sentence to allow defendant to receive pre-truth-in-sentencing good-conduct credits. *People v. Mescall*, No. 02—97—0925 (1999) (unpublished order under Supreme Court Rule 23).

On January 23, 2003, defendant filed a "Petition for Post-Judgment Relief" in which he alleged that his sentence was void. He contended that trial courts have consistently misinterpreted the provision requiring mandatory supervised release (MSR) and the sentencing credit provisions to make terms of imprisonment exclusive of MSR. He did not raise any claim regarding the validity of his predatory-criminal-sexual-assault-of-a-child convictions. According to defendant's certificate of service, he served the petition on the Attorney General by regular mail. The court dismissed the petition with prejudice as a petition under section 2—1401, finding that it was untimely. The record shows that the court acted *sua sponte* and gave no notice to defendant.

Defendant timely appeals. He argues, first, that his convictions of predatory criminal sexual assault of a child are void because that offense did not exist during part of the period in which the acts allegedly occurred. Defendant asserts that this court can vacate the convictions because he can challenge a void judgment at any time. The State argues only that we have no jurisdiction to hear the appeal because defendant did not properly serve it with the petition.

We determine that, because the trial court lacked personal jurisdiction over the State in this matter, this court cannot enter judgment against the State. The record shows that defendant served the State with his petition by regular mail, which is not an acceptable mode of service. Supreme Court Rules 105 and 106 (134 Ill. 2d Rs. 105, 106) require that section 2—1401 petitions be served by certified or registered mail, proper personal service, or, when applicable, publication. A court has no personal jurisdiction over a party that has not been properly served unless that party waives service, which the State has not done. See *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367 (2001). The State also contends that Rule 105 required defendant to serve the State's Attorney, not the Attorney General. It has not provided authority sufficient for us to say that service on the Attorney General cannot be proper, and since the issue is not dispositive, we do not resolve it. However, defendant should note that serving the State's Attorney is the best practice.

Although we can generally vacate a void order even when a litigant has raised the voidness claim for the first time on appeal (*People v. Thompson*, 209 Ill. 2d 19, 25 (2004); *People v. Muntaner*, 339 Ill. App. 3d 887, 889-90 (2003)), that rule is not absolute: "[T]he issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. *** Absent jurisdiction, an order directed at the void judgment would itself be

void and of no effect." *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Although *Flowers* concerned circumstances where subject matter jurisdiction was lacking (*Flowers*, 208 Ill. 2d at 308), we believe that the same principle extends to cases where personal jurisdiction over a party is lacking. A court should not be able to give relief from a void judgment where it would lack the jurisdiction to give relief from a judgment challenged on other grounds. To hold otherwise would be to condone *ex parte* judgments of voidness, which would raise serious due process concerns in some circumstances, and would not be conducive to the orderly administration of justice in any circumstances.

In reaching this conclusion, we have presumed that the trial court's lack of personal jurisdiction deprives us also of personal jurisdiction. Although the personal jurisdiction of a reviewing court is almost never at issue, we believe that the limited precedent suggests that such jurisdiction is simply a continuation of the personal jurisdiction of the trial court. This proposition was most clearly expressed by a Florida District Court of Appeal in *Chabert v. Bacquié*, 694 So. 2d 805 (Fla. App. 1997). Florida statute and international law required the court to determine whether the French court of review that entered the judgment that the plaintiff sought to enforce had proper jurisdiction over the defendant. *Chabert*, 694 So. 2d at 811-12. The Florida appellate court found that the required process was analogous to that in Florida law, under which the service of a notice of appeal is not jurisdictional, because "[t]he Florida appellate court's personal jurisdiction over the appellee is but a continuation of the trial court's jurisdiction." *Chabert*, 694 So. 2d at 813. Also, in *Gomez v. Bobker*, 104 A.D.2d 790, 791, 480 N.Y.S.2d 43, 44 (1984), the Appellate Division of the Supreme Court of New York recognized that an appellate court will lack personal jurisdiction to enter an order when the trial court lacks it. Under New York law, either the trial court or a reviewing court can excuse a defect in the form in which a civil proceeding is brought, but only if it has jurisdiction over the parties affected. A receiver in a foreclosure attempted to obtain equitable relief from certain nonparties by serving them with an order to show cause and a petition for the various forms of relief. Not only was this the wrong form for the action, but the service was insufficient to give the court personal jurisdiction over the nonparties. The nonparties moved to dismiss for want of jurisdiction, but the trial court granted the relief sought by the receiver. The appellate court noted that it would have had the discretion to excuse the improper form of the action had there been proper service, but, since the improper service prevented the court from having jurisdiction over the nonparties, it had no basis to exercise that discretion. *Gomez*, 104 A.D.2d at 791, 480 N.Y.S.2d at 44.

We note that the rule that we lack personal jurisdiction when the trial court does has better results than a rule that gives us jurisdiction when the trial court lacks it. If the rule we set out did not exist, the beneficiary of an order alleged to be void would lose any entitlement to service of the petition to vacate the order because, whatever the trial court did, the petitioner could always ask the appellate court to vacate the order. We do not think that this would be a reasonable result. Thus, we determine that we lack jurisdiction to consider defendant's claim that his convictions are void.

On the other hand, we reject the State's arguments that this court lacks jurisdiction to review the dismissal of defendant's petition. First, the State contends that any judgment on the petition was void because defendant did not serve the State. It escapes the State that defendant had submitted to the jurisdiction of the court by filing his petition, thus giving the trial court personal jurisdiction over *him*. *In re Estate of Pinckard*, 94 Ill. App. 3d 34, 41 (1980); see also *Adam v. Saenger*, 303 U.S. 59, 67-68, 82 L. Ed. 649, 654-55, 58 S. Ct. 454, 458 (1938). By the State's reasoning, a trial court could never enter a valid order in a case until all parties had been served. Such a rule would create bizarre results. For instance, any order quashing the service of a summons would be void because the court would have had no jurisdiction over the party seeking the order. To avoid this absurdity, cases such as *Allstates Tool Corp. v. Arachnid, Inc.*, 177 Ill. App. 3d 573, 580 (1988), which state that service must be proper before the court can enter a valid order, must be read as speaking only to the validity of an order against the party not served.

Second, the State contends that defendant's ability to appeal is predicated upon his substantial compliance with all procedural rules, including the rules regarding service. By so arguing, it implies that a trial court can summarily dismiss a proceeding with prejudice and with no appeal if the litigant has made a simple and easily corrected error in serving his or her initial pleading. In support of its extraordinary contention, the State cites two cases, *People v. Wilk*, 124 Ill. 2d 93 (1988), and *Flowers*, 208 Ill. 2d 291, both dealing with a defendant's compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) as a predicate to a direct appeal. The State analogizes defendant's failure to properly serve the State to the failure of a defendant who has pleaded guilty to file a motion to withdraw the guilty plea before appealing his or her sentence. *Flowers* makes it clear that this analogy is inappropriate; the appellate court's power of review "attaches only upon compliance with the rules *governing appeals*," one of which is Rule 604(d). (Emphasis added.) *Flowers*, 208 Ill. 2d at 308. The State's contention that a failure to follow a rule applicable at the trial level has a similar result is, quite literally, without precedent.

Either party to this case might reasonably ask how we can vacate the dismissal of defendant's petition without personal jurisdiction over the State yet hold that we would require personal jurisdiction over the State to vacate defendant's convictions. An order is effective only as to persons over whom the entering court has personal jurisdiction. A court's acts can thus be "void" as to one person and effective as to another. Thus, in *Norwest Mortgage, Inc. v. Ozuna*, 302 Ill. App. 3d 674, 678 (1998), orders of possession were effective as to named defendants, whom the plaintiff had properly served, but not as to "unknown occupants," whom the plaintiff never served. Here, the dismissal of defendant's petition was effective as to him, as he had submitted himself to the jurisdiction of the court by filing the petition. We can thus describe the dismissal as a judgment *against* defendant, but since the State was not before the court, the dismissal was not a judgment *for* the State. Likewise, our vacation of the dismissal can be considered a judgment for defendant, but not against the State. The State cannot consistently claim both that the court had no jurisdiction over it and that the court entered a judgment in its favor. On the other hand, the trial court had personal jurisdiction over both parties to defendant's criminal proceedings, so that the convictions are judgments both *for* the State and *against* defendant. The position that the court lacked jurisdiction over the State in the section 2—1401 proceedings and the claim that the convictions were orders in its favor are completely consistent.

Turning to the merits of the dismissal of defendant's petition, we hold that the dismissal was improper under *People v. Pearson*, 345 Ill. App. 3d 191 (2003). *Pearson* teaches that, when a trial court dismisses a section 2—1401 petition without giving the petitioner notice and an opportunity to respond, it commits reversible error. *Pearson*, 345 Ill. App. 3d at 193, 195-97. Contrary to the State's contention, it is irrelevant that *it* did not have notice of and an opportunity to respond to defendant's petition, as the court did not enter an order against it. Furthermore, under *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95 (2002), untimeliness is not a basis for dismissing a section 2—1401 petition that alleges that the judgment attacked is void:

> "Under paragraph (f) [of section 2—1401], the general rules pertaining to section 2—1401 petitions—that they must be filed within two years of the order or judgment, that the petitioner must allege a meritorious defense to the original action, and that the petitioner must show that the petition was brought with due diligence—do not apply. Petitions brought on voidness grounds need not be brought within the two-year time limitation. Further, the allegation that the judgment or order is void substitutes for

and negates the need to allege a meritorious defense and due diligence." *Sarkissian*, 201 Ill. 2d at 104.

Since defendant alleged in his petition that his sentence was void, this rule applies.

For these reasons, the trial court erred when it dismissed defendant's petition, and we must remand the matter for proper proceedings under section 2—1401. If the State will not waive service, defendant should have the opportunity to serve his petition on the State by any method permissible under Supreme Court Rules 105 and 106. He may also seek leave to amend his petition to include the claims of voidness raised in his appellate brief.

For the reasons stated, we vacate the order of the circuit court of Boone County dismissing with prejudice defendant's section 2—1401 petition and we remand the cause for further proceedings consistent with this order.

Order vacated; cause remanded with directions.

HUTCHINSON and CALLUM, JJ., concur.