RANDALL WEIDNER, Petitioner-Appellant, v. ROGER COWAN, Warden, Respondent-Appellee.

First District (6th Division)   No. 1—04—0550

Opinion filed October 28, 2005.

Randall Weidner, of Centralia, appellant *pro se.*

Richard A. Devine, State's Attorney, of Chicago (James Fitzgerald and Alan Spellberg, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Petitioner Randall Weidner sought an order of *habeas corpus*, naming Roger Cowan, warden of the Menard Correctional Center, as defendant. Weidner alleged his extended-term sentences were unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), and he was therefore entitled to immediate release because he had served the maximum nonextended term to which he could have been sentenced. The circuit court dismissed Weidner's petition, and we affirm.

## BACKGROUND

In 1981, Weidner was convicted by a jury of conspiracy to commit rape, rape, conspiracy to commit murder, and murder. The trial judge found that the offenses were accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and sentenced Weidner to concurrent, extended-term sentences of 80 years for murder and 60 years for rape. This court affirmed his conviction on appeal. *People v. Visnack*, 135 Ill. App. 3d 113 (1985).

Weidner filed the instant *pro se* petition for *habeas corpus* relief, arguing that his extended-term sentences, based upon brutal or heinous behavior, were imposed in contravention of *Apprendi*, which provided that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Counsel was appointed for Weidner, a supplemental petition was filed, and argument was heard on the issues in January 2004. The circuit court dismissed the petition, finding *Apprendi* did not apply retroactively to Weidner's case. Weidner timely appeals.

## ANALYSIS

In *People v. De La Paz*, 204 Ill. 2d 426, 434 (2003), our supreme court applied the test from *Teague v. Lane*, 489 U.S. 288, 307, 103 L. Ed. 2d 334, 353, 109 S. Ct. 1060, 1073 (1989), to conclude that the rule announced in *Apprendi* did not apply retroactively to cases on collateral review. Under *Teague*, a new rule—in derogation of the default rule—should apply retroactively when it (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty. In *De La Paz*, our supreme court concluded that *Apprendi*, which dealt solely with procedural, not substantive, law, did not decriminalize any conduct. *De La Paz*, 204 Ill. 2d at 434. The court also concluded that because *Apprendi* was about sentencing only and came into play after a criminal defendant was already found guilty of the underlying crime, nonapplication of the new procedural rule neither undermined the fundamental fairness that must underlie a conviction nor seriously diminished the likelihood of obtaining an accurate conviction. *De La Paz*, 204 Ill. 2d at 436-38.

Weidner maintains, however, that the holding in *De La Paz* "is no longer applicable" because the application of *Apprendi* in *Blakely* stated a new substantive rule, placed certain conduct beyond the State's power to punish unless the State meets its burden of proof, and announced a watershed rule of criminal procedure.

In *Blakely*, where the defendant pled guilty to second degree kidnapping involving domestic violence and the use of a firearm, the United States Supreme Court applied the principle set forth in *Apprendi* to the State of Washington's sentencing guidelines. Although the State classified second degree kidnapping as a Class B felony, which carried a maximum penalty of 10 years' incarceration, the State's sentencing guidelines for the conduct admitted as part of the guilty plea carried a maximum of only 53 months. The question

presented was whether the statutory maximum for *Apprendi* purposes was 10 years or 53 months. The Supreme Court held that 53 months was the relevant maximum, because that was the maximum sentence the judge could have imposed without finding any facts beyond those admitted in the guilty plea. *Blakely*, 542 U.S. at 303-05, 159 L. Ed: 2d at 413-14, 124 S. Ct. at 2537-38.

Weidner, however, fails to explain adequately why *Blakely*, which is simply an application of *Apprendi*, is not bound by the *De La Paz* holding that *Apprendi* is not given retroactive effect. Although on appeal Weidner frames his argument under *Blakely*, his sentencing challenge is indistinguishable from an *Apprendi* challenge complaining about the imposition of an extended-term sentence without the facts necessary to permit such sentence having been proven to a jury beyond a reasonable doubt. *De La Paz*, 204 Ill. 2d at 437; *People v. Schrader*, 353 Ill. App. 3d 684, 690 (2004).

*De La Paz* controls this case, and the Illinois Supreme Court in *Lucien v. Briley*, 213 Ill. 2d 340, 348 (2004), rejected the argument that *De La Paz* was wrongly decided. The *Lucien* court also rejected that argument that *Blakely* overruled the Illinois Supreme Court's decisions interpreting *Apprendi*. *Lucien*, 213 Ill. 2d at 345.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

McNULTY, P.J., and TULLY, J., concur.