THIRD DIVISION
October 25, 2006

No. 1-05-0523

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 93CR4683 |
| | ) | |
| TOMMY THOMPSON, | ) | The Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Tommy Thompson was convicted of three counts of first degree murder and two counts of armed robbery. After pursuing a direct appeal (see People v. Thompson, No. 1-95-4424 (March 12, 1998) (unpublished order under Supreme Court Rule 23)), filing two postconviction petitions pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 et seq. (West 1998)), both of which were dismissed by the trial court, and appealing the dismissal of one of his postconviction petitions (see People v. Thompson, 331 Ill. App. 3d 948 (2002)), defendant filed a petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2004)). The trial court summarily dismissed defendant's section 2-1401 petition. On appeal, defendant contends that the trial court erred in summarily dismissing his section 2-1401 petition after recharacterizing it as a petition filed pursuant to the Act without notifying him of its intent to recharacterize the petition, warning him that subsequent postconviction petitions would be subject to successive-petition restrictions or providing him with an opportunity to amend or withdraw the petition as required by People v. Shellstrom, 216 Ill. 2d 45 (2005), and People v. Pearson, 216 Ill. 2d 58 (2005). Alternatively,

defendant contends that the trial court did not have statutory authority to summarily dismiss his section 2-1401 petition.

Following a jury trial, on July 14, 1995, defendant was convicted of three counts of first degree murder and two counts of armed robbery in connection with the shooting death of a taxi driver. Defendant was sentenced to extended terms of 70 years' imprisonment for each of the murder counts to be served consecutively with extended terms of 35 years' imprisonment for each of the robbery counts. On direct appeal, we vacated defendant's convictions of two of the murder counts and one of the robbery counts. We further vacated defendant's sentence for robbery, imposing a term of 30 years' imprisonment in its lieu.

Thereafter, in December 1998 and September 1999, defendant filed two *pro se* postconviction petitions pursuant to the Act. The first alleged various claims of ineffective assistance of trial and appellate counsel. The second raised additional claims of ineffective assistance, claims that he was denied his right to a speedy trial and claims that he was deprived of his right to a fair trial by the introduction of inflammatory evidence. Both petitions were dismissed and defendant appealed the dismissal of the second. On appeal, defendant contended, *inter alia*, that his extended and consecutive sentences violated the constitutional mandates of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We acknowledged that the issue was waived because it had not been raised in defendant's postconviction petition but chose to address it nonetheless. We found that "Apprendi claims are not cognizable to untimely, successive postconviction petitions," like defendant's, and accordingly held that defendant's Apprendi challenges were not cognizable to the appeal.

1-05-0523

Thompson, 331 Ill. App. 3d at 961.

On November 18, 2004, defendant filed a section 2-1401 petition for relief from judgment alleging that his extended and consecutive sentences violated Apprendi and Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004).

The trial court summarily dismissed defendant's petition in an order filed on January 21, 2005. In its order, the court observed that defendant had requested relief pursuant to section 2-1401 of the Code and reviewed the purpose and operation of that provision. The court noted that final judgment in defendant's case had been rendered on July 17, 1995, and that his petition was filed more than nine years later on November 18, 2004. The court found that, pursuant to section 2-1401(c) of the Code, which provided that a petition for relief could not be filed later than two years after an entry of final judgment, defendant's section 2-1401 petition was untimely. Accordingly, the court summarily dismissed the petition. The court cited People v. Schrader, 353 Ill. App. 3d 684 (2004), in further finding that, timeliness aside, the petition should be dismissed because neither Apprendi nor Blakely applies retroactively to collateral proceedings.

Also on January 21, 2005, the trial court simply stated in court that defendant's "[p]ost-conviction petition is denied. Defendant to be provided with a copy of the order."

On appeal, defendant first contends that the trial court erred in failing to admonish him and afford him an opportunity to amend or withdraw his petition pursuant to Shellstrom and Pearson when it recharacterized his section 2-1401 petition as a postconviction petition filed pursuant to the Act. The State counters that the trial court's written order makes clear that it did not recharacterize defendant's petition.

3

1-05-0523

While defendant is correct that, in cases of confusion, a court's oral pronouncement will control over its written pronouncement (see People v. Savage, 361 Ill. App. 3d 750, 762 (2005)), in this case, there is no confusion. On the contrary, the court clearly did not recharacterize defendant's section 2-1401 petition as a postconviction petition filed pursuant to the Act. Here, the court's written order clearly acknowledged that defendant's petition was filed pursuant to section 2-1401 of the Code. The court explored the operation and purpose of that provision and explicitly dismissed the petition on the basis of untimeliness under subsection 2-1401(c).

In our view, defendant places too much weight on the court's oral statement that defendant's "[p]ost-conviction petition is denied." While the phrase "post-conviction petition" may connote a petition filed pursuant to the Act, a section 2-1401 petition is also a postconviction petition in that it is a petition for relief filed after a defendant's conviction. In light of the court's written order, in which it very clearly did not recharacterize defendant's section 2-1401 petition as a postconviction petition filed pursuant to the Act, we find it clear that the court did not intend the meaning that defendant attempts to attach to its oral statement. Because the court did not recharacterize defendant's petition, it was not bound by the requirements of Shellstrom and Pearson.

Having found that the court did not recharacterize defendant's petition, we turn now to his alternative contention that the trial court was not statutorily authorized to summarily dismiss his section 2-1401 petition.

At present, there is a split within the appellate court concerning the issue of whether a section 2-1401 petition may be summarily dismissed and the issue is pending before the supreme

4

1-05-0523

court in People v. Vincent, No. 1-04-1802 (September 27, 2005) (unpublished order under Supreme Court Rule 23), *appeal allowed*, 217 Ill. 2d 623 (2006). While the Fourth District has held that a trial court may summarily dismiss a section 2-1401 petition if it is frivolous and without merit (see, *e.g.*, People v. Ryburn, 362 Ill. App. 3d 870, 877 (2005); People v. Bramlett, 347 Ill. App. 3d 468, 472-72 (2004)), the Third and Second Districts have held that a trial court commits reversible error in summarily dismissing a section 2-1401 petition without giving the petitioner notice and an opportunity to respond and, furthermore, that the harmless error analysis is not applicable (see, *e.g.*, People v. Coleman, 358 Ill. App. 3d 1063, 1066-71 (3d Dist. 2005); People v. Mescall, 347 Ill. App. 3d 995, 1000-01 (2d Dist. 2004)), and this district has held that, while the trial court is not authorized to summarily dismiss a section 2-1401 petition, the harmless error analysis should be applied to such dismissals (see, *e.g.*, People v. Allen, No. 1-04-1090, slip op. at 5-8 (July 31, 2006); People v. Dyches, 355 Ill. App. 3d 225, 227-29 (2005); People v. Anderson, 352 Ill. App. 3d 934, 939-48 (2004); Schrader, 353 Ill. App. 3d at 686-88).

As we recently explained in Allen:

"Anderson delineated three reasons supporting its holding prohibiting the use of the summary dismissal procedure outside of the [Act], including that it was unfair for a defendant, when faced with the proposed dismissal of his section 2-1401 petition, to be deprived of notice and an opportunity to respond, and that the legislature expressly provided for the summary dismissal of postconviction petitions in the Act, but did not do so in section 2-1401. [Citation.] Although the Anderson court held that the circuit court erred in summarily dismissing the

5

defendant's section 2-1401 petition, it concluded that a harmless error analysis should apply where the defects in the petition are patently incurable. [Citation.] In so holding, the Anderson court relied on People v. Taylor, [349 Ill. App. 3d 718 (2004)], wherein this court held that regardless of whether the trial court had the authority to summarily dismiss a section 2-1401 petition, the appellate court could look beyond any alleged procedural defect where the defendant's petition raised a pure question of law, was frivolous and completely without merit, and no prejudice resulted from the trial court's dismissal. [Citation.] The Anderson and Taylor courts further reasoned that where the dismissal of the petition is inevitable and further proceedings in the circuit court would have little remedial effect and only delay dismissal, the summary dismissal should be affirmed based on harmless error. [Citations.] Although summary dismissal procedures may deprive a litigant of a legitimate opportunity to correct curable defects found in his pleadings, harmless error analysis should still be applied where the defects are patently incurable." Allen, slip op. at 6-7.

We adhere to the holdings of Allen, Anderson and Taylor and find that while summary dismissal is not proper under section 2-1401 of the Code, a trial court's erroneous summary dismissal is subject to the harmless error analysis and will be considered harmless if the defects of the section 2-1401 petition are patently incurable.

Here, the claims alleged in defendant's section 2-1401 petition are frivolous and completely without merit. In his petition, defendant alleged that his extended and consecutive

sentences violate <u>Apprendi</u> and <u>Blakely</u>. In <u>Apprendi</u>, the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." <u>Weidner v. Cowan</u>, 361 Ill. App. 3d 664, 665 (2005). In <u>Blakely</u>, the Supreme Court further held that the relevant "statutory maximum" for <u>Apprendi</u> purposes is the maximum a judge may impose without any additional findings rather than the maximum he may impose after finding additional facts not submitted to the jury. However, our supreme court has held that <u>Apprendi</u> does not apply retroactively to cases on collateral review, such as defendant's. <u>People v. De La Paz</u>, 204 Ill. 2d 426, 439 (2003). Additionally, in this case, as in <u>Weidner</u>, defendant

> "fails to explain adequately why <u>Blakely</u>, which is simply an application of
> <u>Apprendi</u>, is not bound by the <u>De La Paz</u> holding that <u>Apprendi</u> is not given
> retroactive effect. *** [Defendant's] sentencing challenge is indistinguishable
> from an <u>Apprendi</u> challenge complaining about the imposition of an extended-
> term sentence without the facts necessary to permit such sentence having been
> proven to a jury beyond a reasonable doubt." <u>Weidner</u>, 361 Ill. App. 3d at 666.

We agree with the <u>Weidner</u> court that <u>De La Paz</u> controls here and, therefore, <u>Blakely</u> does not apply retroactively to cases on collateral review. See also <u>Schrader</u>, 353 Ill. App. 3d at 696 ("[a]bsent any binding authority compelling the retroactive application of <u>Blakely</u> to cases on collateral review, petitioner's request that this court do so here is declined. This conclusion takes into consideration our supreme court's ruling, under analogous circumstances, in <u>De La Paz</u>, where the court rejected the retroactive application of <u>Apprendi</u>").

1-05-0523

We therefore find that the trial court's error in summarily dismissing defendant's section 2-1401 petition was harmless. Accordingly, we affirm the judgment of the trial court.

Affirmed.

THEIS, P.J., and KARNEZIS, J., concur.