THIRD DIVISION
December 12, 2007

No. 1-05-0523

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 93CR4683 |
| | ) | |
| TOMMY THOMPSON, | ) | The Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Tommy Thompson was convicted of three counts of first degree murder and two counts of armed robbery. After pursuing a direct appeal (see People v. Thompson, No. 1-95-4424 (March 12, 1998) (unpublished order under Supreme Court Rule 23)), filing two postconviction petitions pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 et seq. (West 1998)), both of which were dismissed by the trial court, and appealing the dismissal of one of his postconviction petitions (see People v. Thompson, 331 Ill. App. 3d 948 (2002)), defendant filed a petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2004)). The trial court dismissed his petition sua sponte. On appeal, defendant contended that the trial court erred in "summarily dismissing" his section 2-1401 petition after recharacterizing it as a petition filed pursuant to the Act without notifying him of its intent to recharacterize the petition, warning him that subsequent postconviction petitions would be subject to successive-petition restrictions or providing him with an opportunity to amend or withdraw the petition as required by People v. Shellstrom, 216 Ill. 2d

45 (2005), and People v. Pearson, 216 Ill. 2d 58 (2005). Alternatively, defendant contended that the trial court did not have statutory authority to "summarily dismiss" his section 2-1401 petition. In People v. Thompson, 368 Ill. App. 3d 348 (2006) we found that the trial court did not recharacterize his section 2-1401 petition as a petition filed under the Act and, accordingly, the holdings of Shellstrom and Pearstrom were not applicable. Moreover, we found that trial court's "summary dismissal" of defendant's petition, though improper, amounted to harmless error because the claims raised in the petition were without merit. Thereafter, the supreme court denied defendant's petition for leave to appeal, but pursuant to its supervisory authority, directed us to vacate our judgment and reconsider this case in light of its recent decision in People v. Vincent, 226 Ill. 2d 1 (2007). People v. Thompson, No. 103706 (September 26, 2007). After vacating our original opinion and reconsidering in light of Vincent, we find that a different result is not warranted and again affirm the judgment.

Following a jury trial, on July 14, 1995, defendant was convicted of three counts of first degree murder and two counts of armed robbery in connection with the shooting death of a taxi driver. Defendant was sentenced to extended terms of 70 years' imprisonment for each of the murder counts to be served consecutively with extended terms of 35 years' imprisonment for each of the robbery counts. On direct appeal, we vacated defendant's convictions of two of the murder counts and one of the robbery counts. We further vacated defendant's sentence for robbery, imposing a term of 30 years' imprisonment in its lieu.

Thereafter, in December 1998 and September 1999, defendant filed two *pro se* postconviction petitions pursuant to the Act. The first alleged various claims of ineffective

2

1-05-0523

assistance of trial and appellate counsel. The second raised additional claims of ineffective assistance, claims that he was denied his right to a speedy trial and claims that he was deprived of his right to a fair trial by the introduction of inflammatory evidence. Both petitions were dismissed and defendant appealed the dismissal of the second. On appeal, defendant contended, *inter alia*, that his extended and consecutive sentences violated the constitutional mandates of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We acknowledged that the issue was waived because it had not been raised in defendant's postconviction petition but chose to address it nonetheless. We found that "Apprendi claims are not cognizable to untimely, successive postconviction petitions," like defendant's, and accordingly held that defendant's Apprendi challenges were not cognizable to the appeal. Thompson, 331 Ill. App. 3d at 961.

On November 18, 2004, defendant filed a section 2-1401 petition for relief from judgment alleging that his extended and consecutive sentences violated Apprendi and Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004).

The trial court dismissed defendant's petition sua sponte in an order filed on January 21, 2005. In its order, the court observed that defendant had requested relief pursuant to section 2-1401 of the Code and reviewed the purpose and operation of that provision. The court noted that final judgment in defendant's case had been rendered on July 17, 1995, and that his petition was filed more than nine years later on November 18, 2004. The court found that, pursuant to section 2-1401(c) of the Code, which provided that a petition for relief could not be filed later than two years after an entry of final judgment, defendant's section 2-1401 petition was untimely. Accordingly, the court dismissed the petition. The court cited People v. Schrader, 353 Ill. App.

3

3d 684 (2004), in further finding that, timeliness aside, the petition should be dismissed because neither Apprendi nor Blakely applies retroactively to collateral proceedings.

Also on January 21, 2005, the trial court simply stated in court that defendant's "[p]ost-conviction petition is denied. Defendant to be provided with a copy of the order."

On appeal, defendant first contends that the trial court erred in failing to admonish him and afford him an opportunity to amend or withdraw his petition pursuant to Shellstrom and Pearson when it recharacterized his section 2-1401 petition as a postconviction petition filed pursuant to the Act. The State counters that the trial court's written order makes clear that it did not recharacterize defendant's petition.

While defendant is correct that, in cases of confusion, a court's oral pronouncement will control over its written pronouncement (see People v. Savage, 361 Ill. App. 3d 750, 762 (2005)), in this case, there is no confusion. On the contrary, the court clearly did not recharacterize defendant's section 2-1401 petition as a postconviction petition filed pursuant to the Act. Here, the court's written order clearly acknowledged that defendant's petition was filed pursuant to section 2-1401 of the Code. The court explored the operation and purpose of that provision and explicitly dismissed the petition on the basis of untimeliness under subsection 2-1401(c).

In our view, defendant places too much weight on the court's oral statement that defendant's "[p]ost-conviction petition is denied." While the phrase "post-conviction petition" may connote a petition filed pursuant to the Act, a section 2-1401 petition is also a postconviction petition in that it is a petition for relief filed after a defendant's conviction. In light of the court's written order, in which it very clearly did not recharacterize defendant's section 2-1401 petition as

1-05-0523

a postconviction petition filed pursuant to the Act, we find it clear that the court did not intend the meaning that defendant attempts to attach to its oral statement. Because the court did not recharacterize defendant's petition, it was not bound by the requirements of Shellstrom and Pearson.

Having found that the court did not recharacterize defendant's petition, we turn now to his alternative contention that the trial court was not statutorily authorized to "summarily dismiss" his section 2-1401 petition.

The supreme court addressed the split in authority in the appellate court concerning the propriety of "summary dismissals" of section 2-1401 petitions in Vincent. Prior to the court's holding in Vincent, the Fourth District had held that trial courts may summarily dismiss a section 2-1401 petition if it is frivolous and without merit (see, e.g., People v. Ryburn, 362 Ill. App. 3d 870, 877 (2005); People v. Bramlett, 347 Ill. App. 3d 468, 471 (2004)), while the Second and Third Districts held that a trial court commits reversible error in summarily dismissing a section 2-1401 petition without giving the petitioner notice and an opportunity to respond and, furthermore, that a harmless error analysis is not applicable (see, e.g., People v. Coleman, 358 Ill. App. 3d 1063, 1066-71 (3d Dist. 2005); People v. Mescall, 347 Ill. App. 3d 995, 1000-01 (2d Dist. 2004)). This district, on the other hand, had held that, while the trial court is not authorized to summarily dismiss a section 2-1401 petition, a harmless error analysis should be applied to such dismissals (see, e.g., People v. Allen, 366 Ill. App. 3d 903, 907-08 (2006); People v. Dychess, 355 Ill. App. 3d 225, 227-29 (2005); People v. Anderson, 352 Ill. App. 3d 934, 939-48 (2004); Schrader, 353 Ill. App. 3d at 686-88).

5

In <u>Vincent</u>, the supreme court clarified that petitions brought under section 2-1401 of the Code are civil proceedings and that the term "summary dismissal," borrowed from the Act, has no applicability to civil proceedings because "[i]n civil practice, there is no such thing as a 'summary dismissal.' " <u>Vincent</u>, 226 Ill. 2d at 6. Accordingly, when the trial court dismisses a section 2-1401 petition based on the deficiency of the allegations raised on the face of the petition without receiving responsive pleadings from the State or providing notice to the defendant, it does "not rule in 'summary' fashion; rather, the [court] enter[s] judgment <u>sua</u> <u>sponte</u> by denying relief on the petition." <u>Vincent</u>, 226 Ill. 2d at 11. The court noted that the rules of civil procedure permit trial courts to deny section 2-1401 petitions <u>sua</u> <u>sponte</u> " 'where the claimant cannot possibly win relief.' " <u>Vincent</u>, 226 Ill. 2d at 13, quoting <u>Omar v. Sea-Land Service, Inc.</u>, 813 F. 2d 986, 991 (9th Cir. 1987). We review a trial court's <u>sua</u> <u>sponte</u> denial of a defendant's section 2-1401 petition <u>de</u> <u>novo</u>. <u>Vincent</u>, 226 Ill. 2d at 14.

Keeping these principles in mind, we find that the trial court properly denied defendant's section 2-1401 petition because the claims alleged therein are completely without merit. In his petition, defendant alleged that his extended and consecutive sentences violate <u>Apprendi</u> and <u>Blakely</u>. In <u>Apprendi</u>, the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." <u>Weidner v. Cowan</u>, 361 Ill. App. 3d 664, 665 (2005). In <u>Blakely</u>, the Supreme Court further held that the relevant "statutory maximum" for <u>Apprendi</u> purposes is the maximum a judge may impose without any additional findings rather than the maximum he may impose after finding additional facts not submitted to

the jury. However, our supreme court has held that <u>Apprendi</u> does not apply retroactively to cases on collateral review, such as defendant's. <u>People v. De La Paz</u>, 204 Ill. 2d 426, 439 (2003). Additionally, in this case, as in <u>Weidner</u>, defendant

> "fails to explain adequately why <u>Blakely</u>, which is simply an application of
> <u>Apprendi</u>, is not bound by the <u>De La Paz</u> holding that <u>Apprendi</u> is not given
> retroactive effect. *** [Defendant's] sentencing challenge is indistinguishable from
> an <u>Apprendi</u> challenge complaining about the imposition of an extended-term
> sentence without the facts necessary to permit such sentence having been proven
> to a jury beyond a reasonable doubt." <u>Weidner</u>, 361 Ill. App. 3d at 666.

We agree with the <u>Weidner</u> court that <u>De La Paz</u> controls here and, therefore, <u>Blakely</u> does not apply retroactively to cases on collateral review. See also <u>Schrader</u>, 353 Ill. App. 3d at 696 ("[a]bsent any binding authority compelling the retroactive application of <u>Blakely</u> to cases on collateral review, petitioner's request that this court do so here is declined. This conclusion takes into consideration our supreme court's ruling, under analogous circumstances, in <u>De La Paz</u>, where the court rejected the retroactive application of <u>Apprendi</u>").

Accordingly, we find that the trial court correctly denied defendant's petition and affirm the judgment.

Affirmed.

THEIS, J., and KARNEZIS, J., concur..