No. 2--06--0287         Filed: 2-11-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 96--CF--170 |
| THOMAS R. MESCALL, | ) ) | Honorable Gerald F. Grubb, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BYRNE delivered the opinion of the court:

Defendant, Thomas R. Mescall, appeals from the dismissal of his petition pursuant to section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2006)), in which he sought relief from an allegedly void judgment. On October 11, 1996, defendant was charged by information with one count of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(i) (West 1996)) and four counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 1996)). The State subsequently filed an amended information prior to trial. However, no modifications were made. The amended information alleged that the offenses took place between June 1995 and September 1996. A jury convicted defendant on all counts, and the court sentenced him to four consecutive eight-year terms of imprisonment and one concurrent five-year term. Defendant filed his section 2--1401 petition after the applicable two-year time period for filing. See 735 ILCS 5/2--1401(c) (West 2006).

Defendant contends that his judgment of conviction of predatory criminal sexual assault of a child was void and that he may challenge the judgment after the limitations period pursuant to section 2--1401(c), because the judgment was based on a defective charging instrument. Defendant alleges that the information was defective because some of the conduct complained of was alleged to have occurred before the effective date of the predatory-criminal-sexual-assault-of-a-child statute. We disagree and affirm the trial court.

## BACKGROUND

Following defendant's conviction and sentence, he appealed, arguing that his trial was unfair due to various errors and that the court erred in making his terms of imprisonment subject to the truth-in-sentencing provisions. We affirmed the convictions but modified the sentence to allow defendant to receive pre-truth-in-sentencing good-conduct credits. People v. Mescall, No. 2--97--0925 (1999) (unpublished order under Supreme Court Rule 23).

On January 23, 2003, defendant filed a "Petition for Post-Judgment Relief," in which he alleged that his sentence was void. He contended that trial courts have consistently misinterpreted the mandatory supervised release (MSR) and the sentencing credit provisions to make terms of imprisonment exclusive of MSR. He did not raise any claim regarding the validity of his predatory-criminal-sexual-assault-of-a-child convictions. According to defendant's certificate of service, he served the petition on the Attorney General by regular mail. The trial court dismissed the petition with prejudice as a petition under section 2--1401, finding that it was untimely. However, the trial court acted sua sponte and gave no notice to defendant.

Defendant appealed, raising for the first time that the judgment of conviction of predatory criminal sexual assault of a child was void based on a defective charging instrument, because some

of the conduct was alleged to have occurred before the effective date of the statute creating the offense. Defendant also argued that the trial court erred in dismissing his petition sua sponte and without notice to him. People v. Mescall, 347 Ill. App. 3d 995 (2004).

The predatory-criminal-sexual-assault statute became effective on December 13, 1995. Pub. Act 89--428, eff. December 13, 1995. The statute was declared to be unconstitutional in Johnson v. Edgar, 176 Ill. 2d 499, 523 (1997), for violating the single subject rule of the Illinois Constitution. Ill. Const. 1970, art. IV, §8(d). The legislature reenacted the statute and it became effective May 29, 1996. Pub. Act 89--462, eff. May 29, 1996. Thus, any indictment or information charging predatory criminal sexual assault of a child prior to May 29, 1996, failed to state an offense.

Defendant was charged by amended information on July 7, 1997, with one count of aggravated criminal sexual abuse and four counts of predatory criminal sexual assault of a child. In each of the five counts of the amended information, defendant was charged with committing the offense between June 1995 and September 1996. Two of the predatory-criminal-sexual-assault charges (counts II and IV) pertained to Shannon S. and two (counts III and V) pertained to Ashley S. Therefore, according to the history of the predatory-criminal-sexual-assault statute as it applied to defendant's case, from June 1995 to May 28, 1996, the charges against defendant did not exist.

We did not reach the first issue, regarding whether the judgment of conviction of predatory criminal sexual assault of a child was void, because we found that we lacked personal jurisdiction over the State. Mescall, 347 Ill. App. 3d at 997. However, we did address the second issue, whether the trial court erred in dismissing defendant's petition sua sponte and without notice to him, as defendant had submitted himself to the jurisdiction of the court by filing the section 2--1401 petition. We held that the trial court erred in dismissing defendant's petition sua sponte and without

notice. Accordingly, we vacated the order and remanded the cause for further proceedings. Mescall, 347 Ill. App. 3d at 1001.

Thereafter, defendant filed an amended section 2--1401 petition in which he reiterated his argument that the judgment for predatory criminal sexual assault was void. This time the trial court rejected the argument. The court noted that, in the information, some of the dates on which the conduct was alleged to have occurred were after the effective date of the statute creating the offense of predatory criminal sexual assault. The court further noted that each count of predatory criminal sexual assault included the same defect. The court concluded that, because the testimony at trial would support a factual finding of guilt on the predatory-criminal-sexual-assault counts without reference to the conduct before the effective date, the judgment was not void but voidable, and therefore the petition was subject to the time limitations of section 2--1401. Further, because defendant failed to show that the untimely filing of his petition was not due to his culpable negligence and because he failed to show any of the other grounds for tolling the limitations period under section 2--1401(c), the trial court dismissed the petition. Defendant timely appeals.

ANALYSIS

Defendant argues that the amended charges against him were fatally defective because the statute under which he was convicted was unconstitutional during a majority of the time period alleged. As this issue was not raised on direct appeal, principles such as res judicata, waiver, estoppel, and limitations periods would seem to bar its assertion here. Defendant attempts to avoid these obstacles by arguing that the judgment of conviction was void due to lack of jurisdiction and is therefore subject to collateral attack at any time. See Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 104 (2002) (section 2--1401 petitions brought on voidness grounds need not be

brought within the two-year time limitation). The State argues that the judgment was voidable, not void, and that defendant has not shown any statutory exceptions to the limitations period in section 2--1401(c).

" 'Whether a judgment is void or voidable presents a question of jurisdiction.' People v. Davis, 156 Ill. 2d 149, 155 (1993). A judgment is void (as opposed to voidable) only if the court that entered it lacked jurisdiction." People v. Raczkowski, 359 Ill. App. 3d 494, 496-97 (2005). " 'The jurisdictional failure can be the court's lack of (1) personal jurisdiction or (2) subject matter jurisdiction, but it can also be (3) that the court lacked the power to render the particular judgment or sentence.' " Raczkowski, 359 Ill. App. 3d at 497, quoting People v. Rodriguez, 355 Ill. App. 3d 290, 296 (2005). In contrast, "a voidable judgment is one entered erroneously by a court acting within its jurisdiction and is correctable on review [only] if a timely appeal is taken." People v. Speed, 318 Ill. App. 3d 910, 914 (2001).

Under our state constitution, circuit courts have jurisdiction over all justiciable matters, and a trial court obtains personal jurisdiction over a defendant when he or she appears before it. Ill. Const. 1970, art. VI, §9; Raczkowski, 359 Ill. App. 3d at 497. " 'Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both.' " Raczkowski, 359 Ill. App. 3d at 497, quoting Davis, 156 Ill. 2d at 156. The question here, as the trial court so aptly stated, is whether the trial court had jurisdiction to enter a judgment of conviction, after a jury trial, based upon an information that was defective because a portion of the conduct complained of was alleged to have occurred before the effective date of the statute. We find that the trial court had jurisdiction to enter the judgment of conviction.

Our finding is supported by People v. Gilmore, 63 Ill. 2d 23 (1976). In Gilmore, the supreme court explained "that due process requires that an indictment or information must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to future prosecution arising out of the same conduct." Gilmore, 63 Ill. 2d at 28-29. Though the failure to apprise a defendant of the precise offense charged may have violated his constitutional rights, that failure does not divest the court of jurisdiction over him, but instead merely renders his resultant judgment voidable if challenged in a timely manner.

This finding is explained by Davis. In Davis, the defendant contended that his convictions of both the greater offense of possession of cannabis with intent to deliver and the lesser offense of possession of cannabis offended the constitutional prohibition against double jeopardy under both the United States and the Illinois Constitutions. Davis, 156 Ill. 2d at 153. Davis filed a postconviction petition seeking to vacate his "void" conviction of the lesser offense. Davis, 156 Ill. 2d at 153. The supreme court rejected his argument, finding that his conviction was merely voidable. Davis, 156 Ill. 2d at 157-58. The court acknowledged that it was running "roughshod" over the defendant's double jeopardy rights. The court stated:

"Defendant's reasoning, although not expressly articulated, is that because the constitution prohibits multiple punishments for the same offense, the improper conviction on the lesser offense, coupled with the conviction on the greater offense, exceeds constitutional authority. Clearly, the infringement of certain fundamental rights, like due process and equal protection, is constitutionally impermissible. However, although violation of such rights may present a proper subject for an exercise of the court's jurisdiction, the

rights do not, themselves, vest a court with subject matter jurisdiction. See 21 C.J.S. Courts §9 (1990) (jurisdiction is [a] subject which relates to power of court and not to rights of parties)." Davis, 156 Ill. 2d at 157.

Thus, the court found that the apparent double jeopardy violation did not divest the trial court of the jurisdiction to enter judgment on the defendant's conviction of the lesser offense:

"[J]urisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right. [Citations.]

* * *

Our constitution confers upon the circuit courts a general grant of authority to hear and decide all matters of controversy. Such jurisdiction is not defined by the propriety of the court's judgments. 'There are many rights belonging to litigants--rights which a court may not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void.' (Humphries v. District of Columbia (1899), 174 U.S. 190, 194, 43 L. Ed. 944, 945, 19 S. Ct. 637, 639)." Davis, 156 Ill. 2d at 156-57.

We also find People v. Benitez, 169 Ill. 2d 245 (1996), persuasive. In Benitez, the defendant was never properly charged with any crime. He asserted that his convictions were null and void, as the "circuit court lacked jurisdiction over him because he was never charged with any offense." Benitez, 169 Ill. 2d at 255-56. The supreme court did not agree. It found that the issue could be resolved on jurisdictional grounds, stating that the defendant had failed to "acknowledge the principle of Illinois jurisprudence" set out in Gilmore "that jurisdiction is not conferred by information or indictment, but rather by constitutional provisions. Accordingly, a charging

instrument which fails to charge an offense does not deprive the circuit court of jurisdiction." Benitez, 169 Ill. 2d at 256. The court emphasized that it was reaffirming Gilmore and held that the invalid indictment in that cause had not deprived the circuit court of jurisdiction. Benitez, 169 Ill. 2d at 256. Similarly here, any problem with the amended information did not deprive the circuit court of jurisdiction and did not render void the judgment against defendant; it rendered the judgment merely voidable.

Here, there is no question that the trial court had personal as well as subject matter jurisdiction. The amended information was filed on July 7, 1997. At that time, the reenacted predatory-criminal-sexual-assault statute had been in effect for over one year. Nevertheless, as in Benitez, any problem with the information did not deprive the trial court of jurisdiction. Any problem with the information rendered the judgment "voidable" and would have been " 'correctable on review' " only " 'if a timely appeal [had been] taken.' [Citation.]" Raczkowski, 359 Ill. App. 3d at 497. Thus, defendant must show that he was prevented from timely filing his section 2--1401 petition by some legal disability or duress or that the grounds for relief were fraudulently concealed from him. 735 ILCS 5/2--1401(c) (West 2006); People v. Caballero, 179 Ill. 2d 205, 211 (1997). Defendant has failed to demonstrate such an exception to the limitations period under section 2--1401(c). Accordingly, we find that the trial court properly dismissed defendant's section 2--1401 petition as untimely.

Defendant cites People v. Tellez-Valencia, 188 Ill. 2d 523 (1999), and People v. Wasson, 175 Ill. App. 3d 851 (1988), to support his claim that the defects in the charging instrument were fatal and thus the judgment was void. Relying on Wasson, defendant asserts that the jurors may have

convicted him for acts that predated the effective date of the statute. We find defendant's reliance on those cases misguided.

In Tellez-Valencia, the indictments alleged the offense of predatory criminal sexual assault of a child, which was not in effect at any time during the period when the alleged conduct occurred. The defendants were charged, prosecuted, and convicted of a nonexistent offense, because, while their respective direct appeals were pending, the supreme court invalidated the act that created the offense. Shortly thereafter, the General Assembly passed Public Act 89--462, reenacting the offense. However, by its language, the statute did not apply to acts occurring before that date. The defendants argued that their convictions were invalid because they were based upon charging instruments that failed to state an offense. The supreme court held that, when a defendant is convicted under a statute later held unconstitutional, the State may not amend the charging instrument on appeal. Tellez-Valencia, 188 Ill. 2d at 525.

In this case, defendant was not prosecuted for and convicted of a nonexistent offense, because the offense existed when he committed at least some of the acts alleged in the information. Moreover, Tellez-Valencia was not based on the trial courts' lack of jurisdiction and whether the judgments were voidable.

In Wasson, the defendant was charged with committing aggravated criminal sexual assault sometime between January 1, 1983, and April 24, 1985. However, the applicable statute did not become effective until July 1, 1984. Wasson, 175 Ill. App. 3d at 853. The court held that, while the defendant was apprised of the nature, cause, and elements of the charge against him, he was nevertheless charged with conduct that occurred before the statute came into effect. Thus, the

defendant was hindered in the preparation of his defense, because he was forced to answer to a crime of which he could not have been lawfully convicted. Wasson, 175 Ill. App. 3d at 855.

The court further held that, in the limited circumstances of the case, the trial court erred in refusing to instruct the jury that, if the sexual misconduct occurred prior to July 1, 1984, the defendant could not be convicted as charged. Although the trial court was convinced by the victim's testimony that an act of aggravated criminal sexual assault was committed by the defendant after July 1, 1984, the appellate court believed that, without a limiting instruction, it was impossible to know whether the jury instead convicted the defendant for an act performed, as alleged in the charge, during the period that predated the statute under which the defendant was charged. Wasson, 175 Ill. App. 3d at 859-60. Because the defendant was charged with an offense that could have occurred before the corresponding statute was legally operative, the appellate court found it necessary to invalidate the entire charging instrument and the resulting conviction. In Wasson, the defective nature of the instrument, the conflicting testimony as to when the offense was committed, and the trial court's refusal to instruct the jury on the effective date of the statute required the court to reverse the conviction and remand for a new trial. Wasson, 175 Ill. App. 3d at 860.

The facts of Wasson are dissimilar to those in the present case. In Wasson, the court explained that it was limiting to that case its holding regarding the jury instruction. Wasson, 175 Ill. App. 3d at 859. Moreover, the defendant tendered an alternate jury instruction that the trial court refused to give. Wasson, 175 Ill. App. 3d at 859-60. Here, the record does not reveal that defendant tendered an alternate jury instruction that the trial court refused to give. Defendant did not provide us with a transcript of the jury instruction conference. A review of the instructions tendered and given indicates that defense counsel acquiesced to the following jury instruction:

"The information states that the offenses charged were committed on or between June, 1995 and September, 1996. If you find the offenses charged were committed, the State is not required to prove that they were committed on the particular date charged."

See Illinois Pattern Jury Instructions, Criminal, No. 3.01 (4th ed. 2000) (hereinafter IPI Criminal 4th).

"It is axiomatic that a defendant cannot complain of error in instructions to which he has acquiesced, induced or invited or which were given at his request." People v. Rachel, 123 Ill. App. 3d 600, 606 (1984). Moreover, the burden is on the appellant to provide a "sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such *** it will be presumed that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. [Citations.]" Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984). Without a transcript of the jury instruction conference, we presume that the trial court acted properly in this case. Defendant acquiesced to the instruction given to the jury, did not object, and, we presume on the basis of the record presented to this court, did not tender a non-IPI instruction.

Finally, the decision in Wasson was on direct appeal. The present appeal is from the dismissal of a section 2--1401 petition. The fact remains that defendant cannot sustain his burden of establishing that the defects in the information rendered the judgment void versus voidable. The charging instruments in this case and in Wasson were both defective because they charged conduct under statutes that were not in effect at all the times alleged. However, Wasson raised his claim in a timely direct appeal, while defendant procedurally defaulted on his claim by raising it in an untimely section 2--1401 petition.

The State cites People v. McDade, 345 Ill. App. 3d 912 (2004). In that case, the defendant was convicted of predatory criminal sexual assault of a child. He argued for the first time on appeal that he was entitled to day-for-day sentencing credit because he was charged with and convicted of a crime that occurred, in part, prior to the effective date of the Truth-in-Sentencing Act (Act) (730 ILCS 5/3--6--3(a)(2)(ii) (West 2000)). "The defendant argue[d] that, because his commission of predatory criminal sexual assault 'straddle[d]' the effective date of the truth-in-sentencing provision, the principle of lenity dictate[d] that he should not be subject to the Act and that the mittimus be corrected to reflect that decision. The State responde[d] that since the defendant was charged with a continuous-course-of-conduct offense and the evidence showed the offense was completed after the effective date of the Act, [the defendant] must serve 85% of his sentence." McDade, 345 Ill. App. 3d at 915.

The Appellate Court, First District, agreed with the State. Relying on the reasoning of People v. Palacios, 56 Cal. App. 4th 252, 65 Cal. Rptr. 2d 318 (1997), the court found that a continuous course of conduct cannot logically be completed until the last act is accomplished and that the sentencing statute may be applied without violating the ex post facto prohibition. McDade, 345 Ill. App. 3d at 915. Because the State proceeded on a theory that the defendant had engaged in a continuous course of predatory criminal sexual assault from 1997 through 1999, and the evidence showed that the assaults continued into the late spring of 1999, the offense was not completed until the last act was accomplished. Thus, the court concluded "that the defendant was subject to the unambiguous terms of the truth-in-sentencing provision, as anticipated by the [trial] court and the defendant's trial counsel." McDade, 345 Ill. App. 3d at 915-16.

As in McDade, the State in the present case also proceeded on a theory that defendant had engaged in a continuous course of predatory criminal sexual assault, the last act of which occurred in September 1996, after the reenactment of the statute. However, we need not address McDade's applicability to this case, because we find that the judgment was voidable and that defendant's challenge to it was untimely.

## SUMMARY

We conclude that the trial court had jurisdiction to enter a judgment of conviction of predatory criminal sexual assault, although the information was defective because a portion of the conduct complained of was alleged to have occurred before the effective date of the statute. Because the trial court had jurisdiction, the judgment rendered was voidable, and defendant's section 2--1401 petition was subject to the limitations period under section 2--1401(c). Thus, defendant's failure to timely file his section 2--1401 petition or prove any grounds to excuse his untimeliness bars his petition.

In light of the foregoing, the order of the circuit court of Boone County dismissing with prejudice defendant's section 2--1401 petition is affirmed.

Affirmed.

HUTCHINSON and CALLUM, JJ., concur.