No. 2-08-0773    Filed: 8-26-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 96--CF--170 |
| THOMAS R. MESCALL, | ) ) | Honorable J. Todd Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Defendant, Thomas R. Mescall, appeals from the summary dismissal of his pro se postconviction petition pursuant to section 122--2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--2.1(a)(2) (West 2008)). On October 11, 1996, defendant was charged by information with one count of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(I) (West 1996)) and four counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 1996)). The State subsequently filed an amended information prior to trial. However, no modifications were made. The amended information alleged that the offenses took place between June 1995 and September 1996. A jury convicted defendant on all counts, and the court sentenced him to four consecutive eight-year terms of imprisonment and one concurrent five-year term. Defendant filed his first pro se postconviction petition on June 30, 2008, alleging ineffective assistance of trial and appellate counsel. The trial court summarily dismissed the postconviction

petition. Defendant appeals, contending that his petition was not frivolous or patently without merit, because he presented an arguable claim that he received ineffective assistance of trial and appellate counsel for failing to challenge: (1) the trial court's error in imposing mandatory consecutive sentences, and (2) the defective information that charged him with the offenses, some of which occurred before the effective date of the statute creating the offense. Defendant further contends that he raised an arguable claim of ineffective assistance of trial counsel for failing to investigate critical witnesses who would prove that defendant was actually innocent of the charges against him. For the reasons that follow, we reverse the trial court's judgment dismissing defendant's postconviction petition and remand for further proceedings on the ground that defendant presented an arguable basis that counsel was ineffective for failing to challenge the trial court's error in imposing mandatory consecutive sentences. Because we reverse on this issue, we need not address the other issues. See People v. Rivera, 198 Ill. 2d 364, 370-74 (2001); People v. Rogers, 372 Ill. App. 3d 859, 868 (2007).

BACKGROUND

The procedural history of this matter comprises over 14 years of litigation and numerous appeals. For the sake of brevity, we have attempted to limit the background of the case to the procedural history. Any facts necessary to an understanding of the case will be addressed in the analysis.

Following defendant's convictions and sentences, he directly appealed, raising various contentions, including that the trial court erred in making his terms of imprisonment subject to the truth-in-sentencing provisions. We affirmed the convictions but modified the sentences to allow defendant to receive pre-truth-in-sentencing good-conduct credits. People v. Mescall, No. 2--97--0925 (1999) (unpublished order under Supreme Court Rule 23).

On January 23, 2003, defendant filed a petition, pursuant to section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2006)), from an allegedly void judgment. He argued that courts had misinterpreted the mandatory supervised release (MSR) and the sentencing credit provisions to make terms of imprisonment exclusive of MSR. The trial court sua sponte and without notice to defendant dismissed the petition with prejudice, finding that it was untimely. Defendant appealed the dismissal, arguing for the first time that the judgment of conviction of predatory criminal sexual assault of a child was void as based on a defective charging instrument, because some of the conduct was alleged to have occurred before the effective date of the statute creating the offense. People v. Mescall, 347 Ill. App. 3d 995 (2004). We did not reach the issue regarding whether the judgment of conviction of predatory criminal sexual assault of a child was void, because we found that we lacked personal jurisdiction over the State. Mescall, 347 Ill. App. 3d at 997. In addressing the second issue, however, we held that the trial court erred in dismissing defendant's petition sua sponte and without notice. We therefore vacated the order and remanded the cause for further proceedings. Mescall, 347 Ill. App. 3d at 1001.

On remand, defendant filed an amended section 2--1401 petition in which he reiterated his contention that the judgment of conviction of predatory criminal sexual assault was void. The trial court rejected the argument, noting that, in the information, some of the dates on which the conduct was alleged to have occurred were after the effective date of the statute creating the offense. The court also noted that each count of predatory criminal sexual assault included the same defect. Because the testimony at trial would support a factual finding of guilt on the predatory-criminal-sexual-assault counts without reference to the conduct alleged to have occurred before the effective date, the court concluded that the judgment was not void but voidable and that therefore the petition

was subject to the time limitations of section 2--1401. The court dismissed the petition because defendant failed to show that the untimely filing of his petition was not due to his culpable negligence and because he failed to show any of the other grounds for tolling the limitations period under section 2--1401(c).

Defendant appealed the dismissal of the amended section 2--1401 petition, arguing that his judgment of conviction of predatory criminal sexual assault of a child was void and that he could challenge the judgment after the limitations period pursuant to section 2--1401(c) because the judgment was based on a defective charging instrument. Defendant alleged, as he did previously, that the information was defective because some of the conduct complained of was alleged to have occurred before the effective date of the predatory-criminal-sexual-assault-of-a-child statute. We disagreed and affirmed the trial court. People v. Mescall, 379 Ill. App. 3d 670 (2008). We found that the trial court had jurisdiction to render a judgment against defendant and that any problem with the information did not deprive the trial court of jurisdiction; it merely rendered the judgment voidable, subject to correction on review only if a timely appeal had been taken. However, because defendant failed to timely file a section 2--1401 petition or prove any grounds to excuse his untimeliness, review of his petition was barred. Mescall, 379 Ill. App. 3d at 675, 678-79.

On June 30, 2008, defendant filed a pro se postconviction petition alleging ineffective assistance of trial and appellate counsel. In this petition, defendant again raised the argument that he had previously raised in his section 2--1401 petition, challenging the predatory-criminal-sexual-assault charges as defective because some of the dates on which the conduct was alleged to have occurred were before the effective date of the statute creating the offense. Only this time, he couched the issue in terms of ineffective assistance of counsel. Defendant also alleged that his trial

and appellate counsel were ineffective for failing to raise the issue that the trial court improperly imposed mandatory consecutive sentences, because, at the time of the offenses, consecutive sentences were mandatory only if the trial court found that the charged acts occurred during a single course of conduct. Defendant also maintained that trial counsel was ineffective for failing to investigate witnesses who would have supported his claim of innocence.

The trial court summarily dismissed the petition. The court determined that defendant's claims regarding the defective information and sentencing were "mere conclusions." As to the defective information, the court stated that "[a]lthough somewhat unclear," the claim might be an attempt to raise the same issue that defendant previously raised in his section 2--1401 petition. If so, the court stated that the appellate court previously ruled on this issue and that the same issue should not be allowed to be relitigated in this new petition. The court also dismissed defendant's claim that consecutive sentences were improper because defendant cited no authority for his proposition that the sentencing was not permissible and, as a matter of law, consecutive sentences were mandated. The court further stated that, "if for some reason the consecutive sentences were not mandated, they would be permissible under 730 ILCS 5/5--8--4(b)." As to the issue regarding the failure to investigate critical witnesses, the court held that defendant failed to identify who the witnesses were or what they would testify to at trial. The court held that whether to call a witness at trial is a matter of trial strategy and not a basis to grant a postconviction petition.

Following the denial of defendant's motion to reconsider, defendant timely appeals.

ANALYSIS

Under the Act, a person imprisoned for a crime may collaterally attack his or her conviction and sentence, based on violations of his or her constitutional rights. People v. Erickson, 183 Ill. 2d

213, 222 (1998). Except where the death penalty has been imposed, proceedings under the Act are divided into three stages. People v. Gaultney, 174 Ill. 2d 410, 418 (1996). During the first stage, the trial court independently examines the petition. If the petition is frivolous or patently without merit, it will be summarily dismissed by the trial court. 725 ILCS 5/122--2.1(a)(2) (West 2008).

Our supreme court in People v. Hodges, 234 Ill. 2d 1, 16 (2009), stated that a petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." A petition has no basis in law when it is based on an "indisputably meritless legal theory." Hodges, 234 Ill. 2d at 16. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." Hodges, 234 Ill. 2d at 16. A petition has no basis in fact if it is based on a "fanciful factual allegation." Hodges, 234 Ill. 2d at 16. "Fanciful factual allegations include those which are fantastic or delusional." Hodges, 234 Ill. 2d at 17.

If a petition survives the first stage of review, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. Gaultney, 174 Ill. 2d at 418. At the second stage, the petition may be dismissed "when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." People v. Alberts, 383 Ill. App. 3d 374, 376 (2008). A petition that is not dismissed at the first or second stage advances to the third stage, at which an evidentiary hearing is held. Gaultney, 174 Ill. 2d at 418.

Defendant contends that his postconviction petition sets forth an arguable claim of ineffective assistance of counsel. Under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and

that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068. "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (I) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." Hodges, 234 Ill. 2d at 17.

We initially address defendant's contention that his trial and appellate counsel were ineffective for failing to challenge the trial court's error in imposing mandatory consecutive sentences. The State counters that defendant has forfeited this argument because his appellate brief does not raise the same allegations as those set forth in his pro se postconviction petition. According to the State, defendant "only argued that the trial court had failed to articulate how [defendant's] acts constituted a single course of conduct," but not that the trial court erred in its determination that consecutive sentences were mandatory. Even if defendant did not forfeit the argument, the State asserts, defendant's contention is "indisputably meritless" nevertheless. We disagree with the State.

A pro se petition need not be construed so strictly during the first stage of postconviction proceedings. The supreme court has held that, to survive summary dismissal, a pro se postconviction petitioner is not required to allege facts supporting all elements of a constitutional claim. People v. Brown, 236 Ill. 2d 175, 188 (2010). In Hodges, the supreme court noted its concern that petitions filed pro se should be given a liberal construction and are to be reviewed " 'with a lenient eye, allowing borderline cases to proceed.' " Hodges, 234 Ill. 2d at 21, quoting Williams v. Kullman, 722 F. 2d 1048, 1050 (2d Cir. 1983). "While in a given case the pro se defendant may be aware of all

the facts pertaining to his claim, he will, in all likelihood, be unaware of the precise legal basis for his claim or all the legal elements of that claim." People v. Edwards, 197 Ill. 2d 239, 245 (2001). It is for this reason that the petitioner is required only to present the "gist" of a constitutional claim, which is "something less than a completely pled or fully stated claim." Edwards, 197 Ill. 2d at 245.

In "Ground One, B," of his postconviction petition, defendant alleges that both trial and appellate counsel were ineffective for failing to note that "defendant could have been sentenced under an earlier more lenient law." The postconviction petition further alleges under "Ground Three" that appellate counsel was ineffective for failing to raise that "the trial judge could have only imposed mandatory consecutive sentences only if he found that the charged acts occurred as part of a single course of conduct during which there was no substantial change in the criminal objective, that the trial judge failed to perform any matter of fact-finding." These claims, liberally construed in favor of defendant, sufficiently raise the issue defendant now argues in his appellate brief. As such, we reject the notion that defendant forfeited his argument on appeal.

We also reject the State's assertion that defendant's argument is indisputably meritless. Rather, for the following reasons, we find that defendant's claim has an arguable basis in the facts and the law. Defendant was convicted of four counts of predatory criminal sexual assault of a child in violation of section 12--14.1(a)(1) (720 ILCS 5/12--14.1(a)(1) (West 1996)). The information charging defendant alleged that the acts occurred between June 1995 and September 1996.

At the sentencing hearing, the State argued that the sentences were mandatorily consecutive pursuant to section 5--8--4(a)(ii) of the Unified Code of Corrections, as amended in 1997 (730 ILCS 5/5--8--4(a)(ii) (West Supp. 1997)). Defense counsel argued that the statute prohibited consecutive sentences for offenses that were committed as part of a single course of conduct. The trial court

referred defense counsel to the fact that predatory criminal sexual assault, "section 12--14.1," was specifically listed in section 5--8--4(a)(ii) of the consecutive sentencing statute as an offense that was excepted from that prohibition. Defense counsel then implicitly conceded that fact when he instead took "issue" with the "whole statute." In response, the State insisted that "this is a consecutive sentence situation. I know the Court knows that [this is a consecutive sentencing situation], predatory criminal sexual assault, Section 12--14.1."

In sentencing defendant, the trial court found that section 5--8--4(a)(ii) "clearly mandate[d]" consecutive sentences and "that there was no doubt about it upon reading [the statute]." Thereafter, the trial court sentenced defendant to a prison term of eight years on each count of predatory criminal sexual assault of a child and ordered that the sentences run consecutively to each other.

It is evident that the trial court, as well as the parties, mistakenly believed that consecutive sentences were statutorily mandated in defendant's case. The relevant statute in effect when the alleged criminal acts occurred, between June 1995 and September 1996, provided, in pertinent part:

"(a) When multiple sentences of imprisonment are imposed on a defendant at the same time, *** the sentences shall run concurrently or consecutively as determined by the court. *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of [among other offenses, predatory criminal sexual assault of a child], in which event the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court.

(b) The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." 735 ILCS 5/5--8--4 (West 1996).

In People v. Bole, 155 Ill. 2d 188 (1993), the supreme court held that the 1996 version of section 5--8--4(a) required the imposition of consecutive sentences only when the subject offenses were committed as part of a single course of conduct. The court noted that the statute, as interpreted, created something of an anomaly, leaving the question of consecutive sentences within the discretion of the trial judge, as set forth in section 5--8--4(b), in what must be deemed the more serious situation of multiple offenses committed in separate courses of conduct. Bole, 155 Ill. 2d at 198.

The legislature amended section 5--8--4(b) on July 22, 1997, to provide for mandatory consecutive sentences for separate courses of conduct involving the same offenses listed in section 5--8--4(a), including predatory criminal sexual assault of a child. 735 ILCS 5/5--8--4(b) (West Supp. 1997). The amended statute does not apply to defendant's case because the acts included in the information were committed before July 22, 1997, and defendant was entitled to be sentenced under the law as it existed when the acts occurred. See People v. Digirolamo, 179 Ill. 2d 24, 50 (1997) (generally amendments to statutes are construed to apply prospectively and not retroactively). Therefore, at the time of defendant's sentencing, consecutive sentences under the applicable statute were mandatory only if the acts were committed in a single course of conduct.

In Bole, the defendant pled guilty to three counts of criminal sexual assault and the trial court sentenced him to consecutive prison terms of 10, 10, and 8 years. We vacated the sentences and

remanded for resentencing after finding that the trial court erroneously believed that it was mandated to impose consecutive sentences. People v. Bole, 223 Ill. App. 3d 247, 260 (1991). The supreme court affirmed, finding that the offenses were not committed in a single course of conduct because they were separate events committed several days apart, with substantial interruptions in time. Bole, 155 Ill. 2d at 194. The supreme court held that sexual assaults that were part of a long-standing pattern of sexual abuse inflicted by a defendant against a victim were not committed in a single course of conduct for the purposes of the consecutive sentencing statute. Bole, 155 Ill. 2d at 194.

Similarly, in People v. Pence, 267 Ill. App. 3d 461, 466 (1994), the indictment charged the defendant with committing several acts of criminal sexual assault " 'on or about August 1, 1989, and continuing on through March 10, 1990.' " The evidence revealed that the defendant assaulted the victim on several different dates, and the jury returned general verdicts based on the evidence presented. Pence, 267 Ill. App. 3d at 466. On appeal, the court held that, "although there was evidence from which the jury could have concluded that two of the offenses were part of a single course of conduct, the language of the charging document, the evidence at trial, and the general verdict of the jury [did] not permit the 'single course of conduct' conclusion required by Bole for mandatory consecutive sentencing." (Emphasis in original.) Pence, 267 Ill. App. 3d at 466. Accordingly, the court vacated the defendant's sentences and remanded with directions that the trial court resentence the defendant in light of Bole. Pence, 267 Ill. App. 3d at 466-67; see also People v. Falcon, 292 Ill. App. 3d 538, 543 (1997) (holding that, because it was impossible to determine whether defendant was convicted by jury of committing two acts of aggravated criminal sexual assault during a single course of conduct or whether jury's three convictions related to entirely

separate occurrences, defendant could not be subject to mandatory consecutive sentences under section 5--8--4(a)).

In the present case, the charges did not establish that the offenses were committed as part of a single course of conduct. Defendant was charged with four counts of predatory criminal sexual assault for acts committed against two separate victims--two counts against Ashley S. and two counts against Shannon S.--but each count described a separate act of criminal sexual assault. None of the charges indicated a specific time or date when the acts were committed; only that the offenses occurred between the dates of June 1995 and September 1996.

Moreover, the evidence at trial did not establish a specific date or time when the offenses occurred. Shannon S. testified that she could not remember exactly when the incidents occurred; only that she was in second grade at the time. Ashley S. could not remember either. She recalled only that there was no snow on the ground. Chad S. and Josh S., who testified that they witnessed the acts, did not specify when the acts occurred.

Because of the lack of any specificity as to when the acts occurred, the prosecutor was allowed to tender a jury instruction advising the jury that, "if you find the offenses charged were committed, the State is not required to prove that they were committed on the particular date charged." Like in Bole, the State's legal theory was that the offenses were part of a long-standing pattern of sexual abuse by defendant against the victims, and the jury subsequently returned general verdicts of guilty on all four counts of predatory criminal sexual assault. Given the language of the information, the evidence at trial, and the general verdict of the jury, defendant presented an arguable basis for his claim that any finding by the trial court that the acts were committed during a single

course of conduct for purposes of imposing mandatory consecutive sentences under the 1996 version of section 5--8--4(a) would have been erroneous. See Pence, 267 Ill. App. 3d at 466.

Nevertheless, in rejecting defendant's postconviction petition, the trial court found that, even if consecutive sentences were improper under section 5--8--4(a), discretionary consecutive sentences were authorized under section 5--8--4(b), which allowed a sentencing judge to impose consecutive sentences after finding that "such a term is required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5--8--4(b) (West 1996). The record does not appear to support this conclusion either. The record indicates the sentencing judge imposed consecutive sentences because he believed those sentences to be statutorily mandated under the 1997 amended version of section 5--8--4. It is clear from the record that the sentencing judge did not exercise any discretion under the 1996 version of section 5--8--4(b). In fact, nothing in the record indicates that the judge imposed the sentences to protect the public from further criminal conduct by defendant. Furthermore, the judge who ruled on defendant's postconviction petition was not the same judge who sentenced defendant, and he cannot presume that the sentencing judge would have imposed consecutive sentences if given the choice.

Thus, it appears that the trial court erred in relying on the 1997 version of section 5--8--4 in imposing mandatory consecutive sentences. We conclude therefore that defendant's claim that trial counsel was ineffective for failing to object to this error and failing to advise the trial court that defendant was entitled to be sentenced under the more lenient version of the statute has an arguable basis in both the facts and the law. Further, defendant's claim that appellate counsel was ineffective for failing to raise this issue, which was apparent from the record, similarly has an arguable basis in both the facts and the law, and neither claim is frivolous or patently without merit.

The State argues that defendant was not prejudiced, because defendant can elect to be sentenced under a new statute only if that statute inures to defendant's benefit, not to his detriment, and the amended statute inured to defendant's detriment. Therefore, the State concludes that defendant's counsel could not have been ineffective for failing to assert that the amended statute should not have been applied. We fail to understand the logic of this argument. That is precisely why defendant's trial counsel should not, in effect, have elected to have defendant sentenced under the amended statute and why defendant's appellate counsel was ineffective for failing to raise this argument. The State correctly points out that the amendment to the statute changed section 5--8--4(b) to provide for mandatory consecutive sentences for separate courses of conduct of predatory criminal sexual assault of a child and that, therefore, under the amended statute, consecutive sentences would have been required under both sections 5--8--4(a) and 5--8--4(b) (730 ILCS 5/5--8--4(a), (b) (West Supp. 1997)). For that reason, defendant's trial counsel should have argued that the amended statute did <u>not</u> apply and that defendant was entitled to be sentenced under the law before it was amended, because, prior to the amendment, the trial court had the discretion to determine whether consecutive sentences would be appropriate. Accordingly, we conclude that the summary dismissal of defendant's <u>pro</u> <u>se</u> postconviction petition should be reversed and the cause remanded for second-stage proceedings on the petition, including the appointment of counsel.

Because we find a meritorious issue, we need not review the remaining arguments. However, in the interest of judicial economy, we need to briefly address the <u>res judicata</u> issue raised by the trial court in dismissing defendant's postconviction petition, and raised by the State in response to defendant's contention that his counsel failed to challenge the defective information, as this issue is likely to occur on remand.

The trial court, in its order dismissing defendant's postconviction petition, noted that defendant raised the same issue in his postconviction petition and in his section 2--1401 petition: challenging the defect in the information. The State's entire appellate rebuttal to this particular argument is that we addressed the same argument in Mescall, 379 Ill. App. 3d 670, and that therefore it is barred by res judicata.

There is no question that, generally, postconviction petitions are subject to the doctrine of res judicata, so that all issues actually decided previously are barred from being relitigated. People v. Blair, 215 Ill. 2d 427, 443 (2005). Here, however, the record does not establish that the issue of counsels' ineffectiveness was raised and fully adjudicated.

The State, and apparently the trial court, disregarded the critical difference between the context of the claim in Mescall and the ineffective-assistance-of-counsel claim raised in the present case. In Mescall, we addressed whether the defective charging instrument rendered defendant's convictions void or voidable in terms of the timeliness of defendant's section 2--1401 petition. We determined that, because the trial court had jurisdiction, defendant's convictions were voidable and we therefore affirmed the trial court's dismissal of the section 2--1401 petition as untimely. Mescall, 379 Ill. App. 3d at 675. Here, defendant raises a claim alleging ineffective assistance of counsel for failing to challenge the defective information at trial and on direct appeal. This claim is based on defendant's constitutional right to effective counsel. It is neither the same claim that was raised in defendant's section 2--1401 petition nor is it affected by the application of res judicata. Were such a claim of ineffectiveness of counsel subject to the application of res judicata, a defendant would effectively lose his right to effective assistance of trial and appellate counsel when the ineffectiveness was, as here, the failure to raise an issue that effective counsel should have raised.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Boone County dismissing the postconviction petition is reversed, and the cause is remanded with directions to proceed to the second stage of the postconviction process and the appointment of counsel.

Reversed and remanded with directions.

ZENOFF, P.J., and MCLAREN, J., concur.