2021 IL App (1st) 170299-U

No. 1-17-0299

Order filed June 29, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 2228 |
| | ) | |
| MAX McCOY, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the denial of defendant's petitions for relief from judgment where defendant failed to state a voidness claim, and so the two-year statute of limitations for bringing the petitions applied.

¶ 2     Defendant Max McCoy appeals from the circuit court's dismissal of his petitions for relief from judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West Supp. 2015)). On appeal, defendant alleges that the circuit court erred where

he stated a claim that his indictment should be voided because the State suborned perjury during grand jury proceedings. We affirm.

¶ 3    Defendant was charged by indictment with multiple counts of first degree murder, attempt first degree murder, aggravated discharge of a firearm, and aggravated unlawful use of a weapon (AUUW), following an incident in Chicago on December 15, 2004.

¶ 4    The State's evidence at defendant's bench trial showed that on December 15, 2004, at about 9:15 p.m., Phillip Austin walked towards a store at Prairie Avenue and 61st Street and met defendant on the way. At Prairie and 60th Street, defendant approached the rear passenger's side of a parked vehicle, removed a firearm from his pocket, and shot at the vehicle multiple times. The vehicle drove away, and defendant continued firing. Four individuals were inside the vehicle, including Natasha Williams, who was shot and killed.

¶ 5    Defendant testified that he and Austin "had planned to go rob people for drug money," and approached the vehicle intending that Austin would hold the occupants at gunpoint. Defendant saw Austin fire and ran.

¶ 6    On June 19, 2006, the circuit court found defendant guilty of multiple counts of first degree murder, aggravated discharge of a firearm, and AUUW, and acquitted him of attempt first degree murder and other counts of AUUW. On January 3, 2007, after merging certain counts, the court sentenced defendant to a total of 65 years' imprisonment. The court denied defendant's motion to reconsider sentence on February 15, 2007.

¶ 7    On direct appeal, defendant alleged that trial counsel was ineffective for failing to understand the differences between fitness and sanity, failing to request a fitness hearing when defendant testified and implicated himself, and abandoning an insanity defense due to defendant's

lack of funds. He also alleged that the trial court failed to admonish him when he implicated himself while testifying. We affirmed. *People v. McCoy*, No. 1-07-0784 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8     On August 20, 2009, defendant filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)) alleging, *inter alia*, that trial counsel was ineffective for failing to understand the differences between fitness and sanity, and for mistakenly believing that defendant's "lack of financial funds" precluded "obtaining an expert witness." He also claimed that his mental state during the offense did not support a first degree murder conviction, and that the trial court "impeded" trial counsel's ability to cross-examine a State witness regarding false statements.

¶ 9     The circuit court docketed defendant's petition and appointed counsel, who filed an amended petition alleging an affidavit from Austin's former romantic partner showed defendant was actually innocent, and trial counsel was ineffective for "confusing the concepts of fitness and sanity."

¶ 10     On January 13, 2016, the circuit court granted the State's motion to dismiss. On appeal, this court granted counsel leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed. *People v. McCoy*, 1-16-0595 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11     In February 2016 and June 2016, defendant filed two petitions for relief from judgment pursuant to section 2-1401 of the Code, which essentially raised the same issues. The petitions alleged, *inter alia*, that defendant's conviction was void because (1) a due process violation occurred when the prosecutor presented false testimony to the grand jury; (2) defendant received

a firearm enhancement based on a statute not in effect at the time of his offense; and (3) two of defendant's convictions violated the one-act, one-crime doctrine.

¶ 12    As to the prosecutorial misconduct claim, defendant alleged that during the grand jury testimony of Chicago police detective Anthony Powell, a juror asked whether defendant confessed to the murder, and Powell responded, " '[Y]es.' " The juror then asked for defendant's "reason behind the shooting," and Powell stated that defendant " 'thought someone in the car had shot at him prior to the shooting.' " Defendant did not provide a transcript of this testimony.

¶ 13    On September 14, 2016, the circuit court granted in part, and denied in part, the two section 2-1401 petitions. The court concluded that the two-year limitation for bringing a section 2-1401 petition did not apply to defendant's claims because he asserted that the underlying judgment was void. The court also found defendant's one-act, one-crime claim meritorious and vacated one AUUW conviction, but denied the remainder of defendant's claims. Relevant here, the court found defendant's claim regarding false grand jury testimony lacked merit, as it was "not the proper subject of a section 2-1401 petition."

¶ 14    On February 16, 2017, this court allowed defendant's late notice of appeal.

¶ 15    On appeal, defendant asserts that the circuit court erred in denying his section 2-1401 petitions because his convictions were void and may be challenged at any time, such that the two-year limitation period for filing a section 2-1401 petition does not apply. The State responds that the petitions were untimely, defendant failed to support his claim that the testimony occurred, and the alleged misconduct does not render defendant's judgment void.

¶ 16    Section 2-1401 of the Code provides a "civil remedy that extends to criminal cases" and "outlines a comprehensive, statutory procedure by which final orders and judgments may be

vacated by the circuit court more than 30 days following their entry." *People v. Shinaul*, 2017 IL 120162, ¶ 8. "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). A section 2-1401 petition "is not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Haynes*, 192 Ill. 2d at 461. Where a section 2-1401 petition was decided without an evidentiary hearing, we review *de novo* the circuit court's judgment. *People v. Morfin*, 2012 IL App (1st) 103568, ¶ 30; see also *City of Chicago v. Holland*, 206 Ill. 2d 480, 492 (2003) (reviewing court "can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was sound").

¶ 17    Generally, section 2-1401 petitions must be filed within two years after the entry of the judgment being challenged. See 735 ILCS 5/2-1401(c) (West Supp. 2015). Defendant's petitions were filed well beyond the two-year limitation period, as he was convicted in 2006 and sentenced in 2007, but did not file his section 2-1401 petitions until 2016. Therefore, his petitions were untimely filed.

¶ 18    Defendant claims that the two-year limitation does not apply to his petitions because the judgment he is challenging, namely, his convictions, were void. See *People v. Gosier*, 205 Ill. 2d

198, 206 (2001) ("A person may *** seek relief beyond the two-year limitation of section 2-1401 where the judgment being challenged is void.").

¶ 19    A typical voidness challenge under section 2-1401 asserts that a judgment is void because the court lacked personal or subject matter jurisdiction.[1] *People v. Thompson*, 2015 IL 118151, ¶ 31. Where the court lacked jurisdiction, the judgment "is void and may be attacked either directly or indirectly at any time." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). "By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155-56. "[A] court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both." *People v. Raczkowski*, 359 Ill. App. 3d 494, 497 (2005).

¶ 20    This court in *People v. Mescall*, 379 Ill. App. 3d 670 (2008), found that a defendant's section 2-1401 petition was still subject to a two-year limitation despite his assertion that his charging instrument was defective, as the defect did not divest the circuit court of jurisdiction, but only rendered the judgment "voidable if challenged in a timely manner." *Id.* at 672-74, 678-79.

¶ 21    Similarly here, defendant's claim that his indictment reflected "false" testimony would not divest the circuit court of jurisdiction to hear the evidence at trial and determine defendant's guilt. See *People v. Benitez*, 169 Ill. 2d 245, 255-56 (1996) (where the defendant "was never properly charged with any offense," the defendant's convictions were nonetheless not void, as "jurisdiction is not conferred by information or indictment, but rather by constitutional provisions," and so "the

---

[1] The *Thompson* court also recognized two other types of voidness challenges. *Thompson*, 2015 IL 118151, ¶¶ 32-33. The second type asserts that a final judgment is void because it is based on a facially unconstitutional statute. *Id.* ¶ 32. Defendant's voidness claim does not assert the facial unconstitutionality of any statute. The third type of voidness challenge, which asserts that a sentence does not conform to an applicable sentencing statute, has been abolished. *Id.* ¶ 33; *People v. Castleberry*, 2015 IL 116916, ¶ 19.

invalid indictment *** did not deprive the circuit court of jurisdiction"). Accordingly, defendant has failed to state a claim that the judgment he is challenging was void, and he is not excused from the two-year limitation for section 2-1401 petitions. His petitions were therefore untimely. *Mescall*, 379 Ill. App. 3d at 673-74, 678-79; see also *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 13 (finding the two-year limitation is still properly applied where the defendant's conviction "*could not* be void regardless of the merits of his argument" (emphasis in original)).

¶ 22    The State further argues that defendant failed to provide factual support for his claim that "false" testimony was presented at his grand jury proceedings at all, or that his indictment reflected that "false" testimony. However, we do not address the merits of defendant's claim, as his section 2-1401 petitions were untimely filed. See *id.* (declining to address the merits of the defendant's section 2-1401 petition where the petition was untimely). Because defendant did not timely bring the claims in his section 2-1401 petitions, the circuit court properly dismissed them.

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24    Affirmed.